### BEATTIE *v.* BOYLON.

1. TRIAL—INSTRUCTIONS—THEORY OF PARTIES—APPEAL AND ERROR. In an action against the owners of colliding automobiles for injuries received by a guest in one of them, where the case was tried by both defendants on the theory that the other was wholly responsible for the collision, the trial judge was not in error in adopting said theory and so instructing the jury as to lead them to believe that one of the defendants was responsible rather than both.

2. SAME—APPEAL AND ERROR. Where both defendants tried the case upon the theory that the other was wholly responsible for the collision, and neither contended that both were guilty or neither, and neither requested an instruction that a joint verdict could be returned, there was no reversible error in the court's neglect to so instruct the jury, although there was testimony which would support a joint verdict.

Error to Kent; Perkins (Willis B.), J. Submitted April 16, 1924. (Docket No. 85.) Decided June 2, 1924.

Case by Laone Beattie, an infant, by her general guardian, against Fred M. Boylon and Jennie K. Beaver for personal injuries.    Judgment for plaintiff against defendant Boylon.    He brings error.    Affirmed.

*Travis, Merrick, Warner & Johnson,* for appellant.

*Lombard, McIntyre & Post,* for appellee.

BIRD, J.    Laone Beattie, the plaintiff, is a young lady, 18 years of age.    On September 1, 1922, she was a guest of and was riding in a Ford sedan with Gladys Boylon, daughter of defendant Boylon.    Miss Boylon was also of the age of 18 years.    On the day in question they were driving in a westerly course on the paved highway about three miles east of Grand Rapids.    Jennie K. Beaver was the owner of a 7-passenger Buick automobile, which was being operated as a bus, between Grand Rapids and Lowell, by Hiram Converse.    At the time in question the bus was going in an easterly direction.    When they attempted to pass each other they collided and injured the plaintiff.    She instituted this joint action by her guardian against the father of her hostess and the owner of the bus.    The trial resulted in a verdict of not guilty as to defendant Beaver and a verdict for $1,774.70 against defendant Boylon.

Counsel for defendant Boylon assign error on the court's charge.    The following complaints are made:

(1) The charge of the court was such as to lead the jury to believe that the plaintiff was entitled to a verdict.

(2) The charge of the court was such as to lead the jury to believe that one of the defendants was negligent.

(3) The charge of the court was such as to lead the jury to believe that both defendants could not have been negligent.

(4) The court by over-emphasis and repetition in its charge indicated to the jury that Fred Boylon was the defendant guilty of negligence.

1 and 4. As to items (1) and (4) it will be sufficient to say that we have read the charge of the court and are not impressed as counsel were.

2. The charge of the court was such as to lead the jury to believe that one of the defendants was negligent.    If the result of the charge was to lead the jury to believe that one of the defendants was negligent, the court did no more to encourage that belief than did both defendants by their proofs.    Each defendant insisted that the other was on the wrong side of the highway, and each insisted that the other was wholly responsible for the collision.    Defendant Beaver insisted that the Boylon sedan was traveling at the rate of 35 miles an hour on a wet, slippery pavement, and that just at the point of passing the sedan skidded over to the south side of the pavement in front of the Buick car.    Defendant Boylon contended that the right hand wheels of the bus were off from the cement pavement on its own side of the highway.    As his car was approaching the driver of the Beaver car turned his bus to the left to regain the pavement, and on account of the high rate of speed it was traveling it shot across the pavement in a diagonal course to the north side of the pavement in the path of the Ford sedan.    The case was tried throughout by each defendant on the theory that the other defendant was wholly responsible for the collision, and the court simply submitted the case upon the respective theories of counsel.    In view of this attitude of the defendants we think this assignment is not well taken.

3. The charge of the court was such as to lead the jury to believe that both defendants could not have been negligent.    The court did not expressly instruct

the jury that they could find both defendants guilty, but the inference to be drawn from the charge as a whole was that they might so find.   But if we concede this complaint is well taken we do not think it was reversible error.   It is true, as counsel say, that there was testimony which would support a joint verdict, but it was not the theory of either defendant that both were guilty, or neither.   Each insisted that the other was the cause of the accident.   This objection in the mouth of plaintiff if she had been given no verdict and was appealing would have much force, but we are not impressed that it is helpful to either of the defendants because both were charged with a joint wrong.

In *Blackwell* v. *American Film Co.*, 189 Cal. 689 (209 Pac. 999), an action was brought to recover against two defendants, one the owner of an auto stage, in which deceased was riding, and the other the owner of a colliding automobile.   A verdict was had against the latter defendant.   On appeal the defendant complained of the finding exonerating the other defendant.   It was held:

"This point cannot be raised by the appellant.   If both defendants were negligent, and their negligence contributed to decedent's death, appellant cannot complain that respondent, United Stages, was exonerated by the jury, for they are both jointly and severally liable.   *Horgan* v. *Jones*, 131 Cal. 521 (63 Pac. 835); *Benson* v. *Southern Pacific Co.*, 177 Cal. 777 (171 Pac. 948)."

To the same effect are: *Robinson* v. *Railroad Co.*, 135 Mich. 254; *Illinois Cent. R. Co.* v. *Murphy*, 123 Ky. 787 (97 S. W. 729, 11 L. R. A. [N. S.] 352); *Knudson* v. *Bockwinkle*, 120 Wash. 527 (208 Pac. 59); *Kausch* v. *Railway Co.*, 176 Wis. 21 (186 N. W. 257).

It might not be out of place to suggest that it is

quite likely the court would have charged the jury that they could return a joint verdict against both defendants if they chose to do so, if either of the defendants had requested such a charge. We think there has been no reversible error pointed out.

The judgment is affirmed.

CLARK, C. J., and McDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.