DE JAGER *v.* ANDRINGA.

1. CARRIERS—HIGH DEGREE OF CARE FOR SAFETY OF PASSENGERS REQUIRED.

It is the duty of common carriers of passengers to exercise a high degree of care for the safety of passengers, which means care proportionate to the nature and risk of the undertaking in view of the nature of the means of conveyance employed.

2. SAME — NEGLIGENCE — FAILURE TO USE CARE REQUIRED UNDER CIRCUMSTANCES.

Negligence of a carrier of passengers is failure to use the amount of care, skill, and diligence required by the nature of the undertaking and the circumstances of the case.

3. SAME—FAILURE TO SEE TRAIN IN PLAIN SIGHT—DIRECTED VERDICT.

Where the driver of a bus approaching a railroad track stopped and looked but failed to see a train in plain view rapidly approaching, which he should have seen had he looked carefully, he was guilty of negligence as matter of law.

4. APPEAL AND ERROR—DEFENDANT CHARGED JOINTLY AND SEVERALLY WITH ANOTHER MAY NOT COMPLAIN OF DIRECTED VERDICT IN FAVOR OF OTHER.

Where, in an action by a bus passenger for personal injuries caused by a collision between the bus and a railroad train, the declaration charged that the bus company and the railroad company were jointly and severally liable, and the bus company does not contend that verdict and judgment should be against both defendants, but does contend that the railroad company alone was in fault, and the passenger, who recovered against the bus company, does not complain of directed verdict in favor of the railroad company, the bus company may not complain thereof.

Error to Kent; Brown (William B.), J.    Submitted

[1]Carriers, 10 C. J. § 1295; 10 L. R. A. (N. S.) 384; 4 R. C. L. 1144 *et seq.*, 1 R. C. L. Supp. 1282; 4 R. C. L. Supp. 308; 5 R. C. L. Supp. 267; 6 R. C. L. Supp. 286; [2]Id., 10 C. J. § 1295; [3]Id., 10 C. J. § 1467 (Anno); [4]Appeal and Error, 4 C. J. § 2595.

October 4, 1927.    (Docket No. 13.)     Decided January 18, 1928.

Case by Jacobus De Jager against Fred Andringa and John Datema, copartners as the Andringa-Datema Bus Line, and another for personal injuries.    Judgment for plaintiff.    Defendant partners bring error. Affirmed.

*Dunham & Cholette,* for appellants.

*Peter J. Danhof* and *Irving H. Smith,* for appellee.

CLARK, J.    Defendants Andringa and Datema, doing business as Andringa-Datema Bus Line, are common carriers of passengers by bus on the public highway between Grand Rapids and Grandville.    The highway crosses double tracks of the defendant Pere Marquette Railway Company about a mile east of Grandville.    On January 12, 1926, plaintiff was a passenger for hire in a bus driven by defendants' employee.    While crossing the tracks in daylight, the bus was struck by an engine pulling a passenger train and plaintiff was injured.    He sued the partners and the railway company, averring that his injuries had been caused by concurrent acts of negligence, that all defendants had been negligent, that the negligence of both the bus line and of the railway company had contributed to his injuries.    A verdict in favor of the railway company was directed.    The jury was instructed that the partners, Andringa and Datema, had been negligent as a matter of law.    The only matter left to the jury was the assessment of damages.    Plaintiff had judgment.    Andringa and Datema, the partners, bring error.

It was the duty of appellants, as common carriers of passengers, to exercise a high degree of care for the safety of plaintiff, a passenger (*King* v. *Neller,* 228 Mich. 15), which means care proportionate to the

"nature and risk of the undertaking in view of the nature of the means of conveyance employed." 10 C. J. p. 855. Negligence of defendants is "simply the failure to use the amount of care, skill, and diligence required by the nature of the undertaking and the circumstances of the case." 10 C. J. p. 855. The tracks were double. The zone of danger was therefore wide. The bus was long. It would take appreciable time to cross and to clear the tracks. The driver knew this and was familiar with the crossing. He knew that he or his passengers might be killed if a train came before he was clear of the tracks. He knew he must stop for the train. The train was not to stop. It seems he did stop for a second or two. He says he looked, saw no train, and proceeded to cross. While on the tracks he discovered the train almost upon him. He increased speed but failed to get clear by a margin of about two feet. From the point where he stopped and claims to have looked the view was not fully clear, being somewhat obstructed by some telephone poles along the right of way. The tracks ran on practically level ground. He testified: "I cannot tell how far I could see. * * * I should think I could see to the right of the crossing 1,000 feet." The engineer had an unobstructed view of the crossing from a point at least 1,200 or 1,300 feet from the crossing. It was also said, "We could see down the track a mile or more."

There is no escape, on this record, from the fact that when the driver stopped and when he was starting to cross the train was in plain view rapidly approaching. There is no escape from the fact that the driver failed to see the train because of negligence on his part; he failed to look carefully, failed to exercise commensurate care. The rule announced by the Federal Supreme Court and adopted by this court in *Davis* v. *Railway Co., ante,* 166, is:

"When a man goes upon a railroad track he knows that he goes to a place where he will be killed if a train comes upon him before he is clear of the track. He knows that he must stop for the train, not the train stop for him. In such circumstances it seems to us that if a driver cannot be sure otherwise whether a train is dangerously near he must stop and get out of his vehicle, although obviously he will not often be required to do more than to stop and look."

We must decline to disturb the trial court's holding that appellants were negligent as a matter of law.

Appellants contend that the court erred in directing a verdict in favor of the railway company.

The theory of the declaration is that defendants were jointly and severally liable. They were charged with a joint wrong. Appellants do not contend that verdict and judgment should be against all defendants; they contend that the railway company alone was in fault. Plaintiff does not complain because of the directing of a verdict in favor of the railway company. Appellants, in these circumstances, may not complain of it. This question is decided against appellants' contention by the recent case of *Beattie* v. *Boylon,* 227 Mich. 472, which is accessible and from which we need not quote.

There is no question relative to the amount of the verdict. In this view of the case, other questions are without importance.

Judgment affirmed.

FLANNIGAN, C. J., and FELLOWS, WIEST, McDONALD, and SHARPE, JJ., concurred. BIRD, J., concurred in the result.

The late Justice SNOW took no part in this decision.