ROSENCRANZ *v.* MICHIGAN CENTRAL RAILROAD CO.

1. Trial—Contributory Negligence—Testimony Viewed Most Favorably for Plaintiff in Determining Whether Verdict be Directed Against Him.

   In an action for personal injuries caused to plaintiff when his automobile was struck by a locomotive backing over a crossing, in determining whether the question of his contributory negligence was for the jury or whether it was a question of law for the court, the testimony in the case should be viewed in the light most favorable to plaintiff's claim of exercise of reasonable care.

2. Railroads—Negligence—Contributory Negligence—Duty of Driver to Stop, Look, and Listen, and Get Out of Car if Necessary.

   Where the view of an automobile driver approaching a railroad crossing was obstructed by gondola cars standing on one of the tracks, so that he could not see whether a train was approaching on the other track, it was his duty to stop, look, and listen, and, if necessary, get out of his car and make observation before proceeding to cross.

3. Same—Contributory Negligence—Directed Verdict.

   An automobile driver approaching a railroad crossing, whose view of the south track was obstructed by cars standing on the north track, who failed to stop and look after reaching a point where his view was unobstructed, and who proceeded and was struck and injured by a locomotive backing over the crossing, was guilty of contributory negligence as matter of law, although he stopped, looked, and listened at a point where his view was obstructed.

Error to Saginaw; Browne (Clarence M.) J. Submitted June 5, 1928. (Docket No. 6, Calendar No. 33,716.) Decided October 1, 1928.

Case by Frank Rosencranz against the Michigan Central Railroad Company for personal injuries.

As to care required of driver of automobile at railroad crossing, see annotation in 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924; 46 L. R. A. (N. S.) 702.

Judgment for plaintiff. Defendant brings error. Reversed, and judgment ordered entered for defendant.

*Humphrey, Grant & Henry,* for appellant.

*R. L. Crane,* for appellee.

WIEST, J. Four parallel tracks of defendant railroad company cross a private roadway leading from a public highway to a mine of the Robert Gage Coal Company in Saginaw county. This roadway has been used many years by miners in going to and from the mine. May 13, 1925, at about 8 o'clock in the forenoon, plaintiff, a miner, had been to the mine and found that water prevented him from working that day, and, while using the private roadway to go home, his automobile was struck at the railroad crossing by a locomotive backing over the south track. When plaintiff was near the north track he stopped his automobile, listened, and made observation, and, seeing and hearing no locomotive, started across the north and two middle tracks, and, when near the south track, discovered a locomotive within 35 or 40 feet. Plaintiff was then in a place of danger, could not stop and back up in time to get out of the way, and attempted to make the crossing and was struck and injured. The question of moment is whether he exercised reasonable care before he got into the place of danger. We may, for the purpose of decision, assume negligence on the part of the defendant. The locomotive was upon the south track, and upon the next track north were two gondola cars loaded with coal, standing about 6 feet from the roadway and extending about 75 feet along the track. Defendant offered no evidence, but relied upon the claim of contributory negligence of plaintiff. Plain-

tiff had verdict and judgment, and defendant reviews by writ of error, presenting the question of plaintiff's contributory negligence as a matter of law.

The defendant concedes, as it must, that the testimony in the case should be viewed in the light most favorable to plaintiff's claim of exercise of reasonable care. So viewed, was the question one for the jury or was it for the court to merely apply the law?

When plaintiff stopped, looked, and listened before entering upon the crossing, he had a view sufficient to justify him in proceeding, but, when he found that the gondola cars shut off his view of the south track, he was required to govern his going from then on with such fact in mind and regulate his movements so as to keep within the zone of known safety until he could reasonably determine it was safe to proceed. Plaintiff's testimony shows he was making the crossing at a speed under which he could have stopped within eight or nine feet; that he looked up the two free tracks but could not observe the south track because of the gondola cars on the next track, and, without being able to see, drove in front of the backing locomotive. Plaintiff's view of the south track was prevented by the standing cars, and he noted the fact but did not stop. While in a zone of safety plaintiff was unable, without stopping, to see whether he could safely proceed. He should have stopped, looked, and listened and, if necessary, have gotten out of his automobile and made observation. He did not stop, and, without being able to see whether the way was clear, drove into the path of the locomotive.

Plaintiff was guilty of contributory negligence, and defendant's motion for a directed verdict should have been granted. *Davis* v. *Railway Co.,* 241 Mich.

166: In that case, and again in *DeJager* v. *Andringa,* 241 Mich. 474, we stated the standard of conduct, based on a rule of reasonable care, to which all drivers of motor vehicles must conform or bear the consequences. That standard was stated by the Supreme Court of the United States in *Baltimore & Ohio R. Co.* v. *Goodman,* U. S. Adv. Ops. 1927, 28, p. 22 (48 Sup. Ct. 24), as follows:

"When a man goes upon a railroad track he knows that he goes to a place where he will be killed if a train comes upon him before he is clear of the track. He knows that he must stop for the train, not the train stop for him. In such circumstances it seems to us that if a driver cannot be sure otherwise whether a train is dangerously near he must stop and get out of his vehicle, although obviously he will not often be required to do more than to stop and look."

The judgment is reversed, with costs to defendant, and the case remanded to the circuit with direction to enter judgment in favor of the defendant.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.