LAURAIN v. DETROIT, TOLEDO & IRONTON R. CO.

1. RAILROADS—SAME OBSERVATION REQUIRED OF ONE CROSSING TRACKS WHETHER CARS PROPELLED BY STEAM OR ELECTRICITY.

   In passing over railroad tracks at crossing, one is bound to make same observation whether cars are propelled by steam or electricity.

2. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

   In action against railroad company for death of plaintiff's decedent, whose automobile was struck by gas-electric car at railroad crossing, evidence showing that decedent could have seen oncoming car had he stopped at proper point, and that he failed to make proper observation before attempting to cross, justified directed verdict in favor of defendant on ground of decedent's contributory negligence.

Error to Wayne; Miller (Guy A.), J. Submitted January 17, 1930. (Docket No. 60, Calendar No. 34,754.) Decided March 6, 1930.

Case by Hazel M. Laurain, administratrix of the estate of Joseph O. Laurain, deceased, against the Detroit, Toledo & Ironton Railroad Company, a Delaware corporation, for the alleged negligent killing of plaintiff's decedent. From a judgment on directed verdict for defendant, plaintiff brings error. Affirmed.

*Clarence P. Milligan,* for plaintiff.

*Longley & Middleton,* for defendant.

NORTH, J. Plaintiff's decedent, Joseph O. Laurain, received fatal injuries in consequence of the Ford automobile which he was driving being struck

Care required of driver of automobile at railroad crossing, see annotation in 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924; 46 L. R. A. (N. S.) 702; 56 A. L. R. 647.

by the defendant's gas-electric car on a street cross-
ing in the city of Wyandotte. The deceased, while
driving in a westerly direction on Goddard road, at-
tempted to cross defendant's main line track. He
failed to see defendant's car approaching from the
south, and this accident resulted. At the close of
plaintiff's proof the circuit judge directed a verdict
for the defendant on the ground of decedent's con-
tributory negligence. The correctness of this ruling
is the only question presented by plaintiff for review.

As plaintiff's decedent approached this crossing
from the east, his view in the direction of the on-
coming car was obstructed by a rather large building
located about 16 feet south of the street line, and
also by a freight car standing on a siding just west
of this building and at the extreme northerly end of
this siding, which extended about five feet further
north than the building. Construed most favorably
to the plaintiff, the testimony shows that, as Mr.
Laurain was opposite the north end of the freight
car and near the center line of the street, he stopped
his automobile and he and the two other occupants
of the machine looked and listened for an approach-
ing train. They heard none, and proceeded to the
point of collision. The undisputed record discloses
that the east rail of defendant's main track is 21
feet west of the westerly rail of the siding where the
freight car stood, that the main track extends in a
straight line southerly, and that, as one reaches
a point substantially 20 feet east of the main line,
he has a view along defendant's main line track "as
far south as your eyesight would be able to carry."
The street at this point is paved with concrete, and
is 30 feet from curb to curb. No unusual traffic
conditions existed at the time of the accident, and
the record does not disclose the happening of any-

thing which tended to distract decedent's attention or which in any way misled or deceived him as to his being able to cross in safety, with the possible exception that there is testimony indicating he was under the impression that the cars on this road were operated by the usual type of steam locomotive rather than by electricity. This, however, does not alter the legal aspect of the case, because in passing over the tracks of a railroad one is bound to make the same observation whether its cars are propelled by steam or electricity. If Mr. Laurain stopped at all, as plaintiff claims he did, he stopped before he reached the point where he could have an unobstructed view in a place of safety. He was familiar with this crossing. The accident happened in daylight hours.

There is testimony that on other occasions when the deceased passed over this crossing a watchman was present, and plaintiff seeks to infer that the deceased was thereby led to believe that a watchman was so stationed at all times. There is nothing in the record tending to prove that the defendant failed to comply with any order of the railroad commission providing for a watchman; and none was on duty at the time of the accident. Nor do we think there is any proof of facts which would have justified the deceased in assuming that a crossing watchman was stationed at this point; and in any event, the deceased as the driver of an automobile was not relieved from making proper observation. Had he done so, he certainly would have seen defendant's approaching train in time to have avoided the collision.

There is no escape from the conclusion that plaintiff's decedent failed to exercise the care required by law and in so doing was guilty of contributory negligence. This case is controlled by *West* v. *Rail-*

*road Co.*, 229 Mich. 590; *Rosencranz* v. *Railroad Co.*, 244 Mich. 137; *Brady* v. *Railroad Co.*, 248 Mich. 406; *Baltimore & O. R. Co.* v. *Goodman*, 275 U. S. Rep. 66 (48 Sup. Ct. 24, 56 A. L. R. 645), and other like decisions of this court.

The judgment entered in the lower court is affirmed.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.