ACKERMAN *v.* MICHIGAN CENTRAL RAILROAD CO.

GENTINNE *v.* SAME.

1. RAILROADS—DUTY OF AUTOMOBILE DRIVER TO LOOK BEFORE CROSSING TRACK IS STANDARD OF CONDUCT.

Under general rule requiring one about to cross railroad track to look for approaching trains while he is in place of safety and has unobstructed view, duty to look is not mere element of due care, to be weighed with other circumstances in determining negligence, but it is a standard of conduct, based on a rule of reasonable care, to which all drivers of motor vehicles must conform or bear the consequences.

---

Care required of driver of automobile at railroad crossing, see 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 424; 46 L. R. A. (N. S.) 702.

Failure to stop, look and listen at railroad crossing as negligence, see annotation in 1 A. L. R. 203; 41 A. L. R. 405.

2. SAME—SPECIAL CONDITIONS MAY CHANGE DUTY TO LOOK FROM
   STANDARD OF CONDUCT TO ELEMENT OF CARE.

Special conditions may change duty of one about to cross rail-
road track to look for approaching trains while in place of
safety from standard of conduct to an element of care to be
weighed by jury.

3. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

Where occupants of automobile about to cross railroad track had
unobstructed view, and there was nothing to throw them off
guard, their failure to look for approaching trains while in
place of safety rendered them guilty of contributory negligence
as matter of law.

Error to Wayne; Gilbert (Parm C.), J., presiding.
Submitted January 15, 1930. (Docket Nos. 113, 114,
Calendar Nos. 34,745, 34,746.)    Decided March 6,
1930.

Separate actions of case by James W. Ackerman
and Henry Gentinne against the Michigan Central
Railroad Company, a Michigan corporation, for per-
sonal injuries received by the respective plaintiffs in
a railway crossing accident.    The causes were con-
solidated at opening of case in trial court.    From a
judgment for defendant *non obstante veredicto* in
each case, plaintiffs bring error.    Affirmed.

*Benedict H. Lee* and *George F. Maxwell,* for
plaintiffs.

*J. Walter Dohany* and *William A. Alfs,* for de-
fendant.

FEAD, J.    About 4:30 p. m. of October 16, 1924, a
clear, dry day, one of defendant's trains collided
with an automobile driven by Charles Gentinne, in
which plaintiffs were riding and were injured.    De-
fendant had judgment *non obstante.*    The question

is whether Charles Gentinne was guilty of contributory negligence.

Just west of Dearborn, three of defendant's tracks cross Grindley Park avenue east and west. The north track is a passing track, the middle is the west-bound main line, and the south track the east-bound main line. The distance over all of the tracks is 38 feet, and between the tracks about 12 feet. The roadbed is elevated, and on the north the slope to the level of the street is 35 to 40 feet long from the north track.

The car approached from the north. At the foot of the slope the driver stopped, and he and plaintiffs looked to the west. Some 350 feet west were a shed and some cars on a side track which obstructed the view, but they could, and did, see a distance of 600 feet along the south track, and no train was in sight. They listened for warning bell or whistle, but heard none. They looked to the east, but the view was partially obstructed. They proceeded, looking to the east, and then straight ahead on the road. They did not look again to the west until the front wheel of their car had crossed the east-bound track and it was struck by a train and carried east about 600 feet.

The crossing had been under repair the previous day. The driver and plaintiffs were familiar with the crossing, knew its condition, the use of the track, and that trains could be expected at any time. They said the road was rough and they had to watch it. As they approached the north track from the foot of the grade, the view to the west increased so that at or before reaching the north rail they could have seen a distance of one and a half miles or more. The train which struck them was composed of a switch engine and 17 cars. It was about 1,000 feet west of

the crossing when Gentinne stopped his car at 40 feet north of the track. He ran up the grade at about 3 to 4 miles per hour, increased his speed slightly, but could have stopped in 4 or 5 feet. By computation of distances, plaintiffs' counsel figured the speed of the train at over 50 miles per hour.

Plaintiffs recognize the general rule that one about to cross a railroad track must look for approaching trains while he is in a place of safety and has an unobstructed view. But their position is that they used due care in that they looked and listened, saw sufficient clear track to induce a prudent man to believe he could cross in safety, could have crossed had not the train approached at an excessive rate of speed, the rough road took their attention, and these circumstances made the question of negligence one for the jury.

The general duty to look is not a mere element of due care, to be weighed with other circumstances in determining negligence. In the words of Mr. Justice WIEST in *Rosencranz* v. *Railroad Co.*, 244 Mich. 137, it is a "standard of conduct, based on a rule of reasonable care, to which all drivers of motor vehicles must conform or bear the consequences."

Special conditions, however, may change the duty from a standard of conduct to an element of care to be weighed by a jury. See discussion in *West* v. *Railroad Co.*, 229 Mich. 590. This is illustrated by *McPeake* v. *Railway Co.*, 242 Mich. 676, relied on by plaintiffs. There the failure of a flashlight warning signal to work was held to excuse the plaintiff from the extreme care that would have been required had there been no device to indicate safety; the excuse being to the extent that, because the signal was misleading, his duty of care became de-

terminable by what an ordinarily prudent man would have done under the circumstances.

In this case plaintiffs had an unobstructed view, and there was nothing to throw them off guard. They had ample opportunity to see the approaching train and to stop in a place of safety, not only before they reached the tracks, but even after they had crossed the west-bound track. *Downey* v. *Railway Co.*, 230 Mich. 243; *Brady* v. *Railway Co.*, 248 Mich. 406. Exceptional circumstances necessary to modify the standard of conduct were not present. The language in *McGee* v. *Railway Co.*, 102 Mich. 107 (26 L. R. A. 300, 47 Am. St. Rep. 507), is particularly applicable:

"It will not do to say that he has discharged his responsibility in case of an accident by looking when some feet away, for he may miscalculate the distance and the speed of the car. To avoid danger, he must look just before he enters upon the track."

Plaintiffs are chargeable with contributory negligence of their driver, and the judgment is affirmed.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, and NORTH, JJ., concurred. McDONALD, J., did not sit.