CORBETT v. ANN ARBOR RAILROAD CO.

RAILROADS—CROSSING ACCIDENT—NEGLIGENCE—CONTRIBUTORY NEG-
LIGENCE—DIRECTED VERDICT.
Automobile driver whose attention was not distracted by
traffic conditions or other circumstances, who had clear
view of track for one-third of mile 500 feet from crossing
and all the way thereto, and who drove onto track in front
of approaching train and was killed, was guilty of negli-
gence as matter of law, precluding recovery for his death.

Error to Livingston; Collins (Joseph H.), J. Sub-
mitted April 11, 1930. (Docket No. 77, Calendar
No. 33,955.) Decided June 2, 1930.

Case by Alice A. Corbett, administratrix of the
estate of Claude C. Corbett, deceased, against the
Ann Arbor Railroad Company, a Michigan corpora-
tion, for the negligent killing of plaintiff's decedent.
From a directed verdict and judgment for defend-
ant, plaintiff brings error. Affirmed.

William H. Shiek, for plaintiff.

Smith, Beckwith & Ohlinger and Francis J.
Shields (Don W. Van Winkle, of counsel), for de-
fendant.

NORTH, J.   This suit was brought for damages re-
sulting from a collision between defendant's pas-
senger train and an automobile driven by plaintiff's
intestate, which resulted in the death of Mr. Cor-
bett and destruction of his automobile. The acci-
dent occurred on M–16, a short distance east of the

corporate limits of the city of Howell, and at a point where defendant's tracks extend in a southeasterly and northwesterly direction across the highway, which runs nearly due east and west. Plaintiff and her husband were traveling east on the highway about 35 miles per hour. Defendant's train was approaching the point of accident from a southeasterly direction (its tracks being at an angle of approximately 30 degrees to the highway) at about 45 miles per hour. The accident happened about ten o'clock in the forenoon. There is testimony showing that it was somewhat cloudy and misty, but it is not claimed conditions were such that the approaching train could not have been observed within the usual range of vision. There were no traffic conditions or circumstances which tended to distract the attention of plaintiff's decedent. Within a comparatively recent period he had passed over this crossing at least six or seven times. As he approached it on this occasion at a point substantially 500 feet west of the place of accident he passed a road sign which gave ample warning of the railroad crossing ahead. Just on the easterly side of the railroad tracks was the crossing sign erected by the railroad company in compliance with the statute. This sign was plainly visible for several hundred feet to one approaching from the west on the highway. As they neared the crossing there was nothing between Mr. and Mrs. Corbett and the approaching train which in any material manner obstructed their view. The undisputed proof shows that at a point more than 500 feet west of the crossing, and from there all the way to the crossing, an approaching train can be plainly seen for more than a third of a mile beyond the point of accident. Plaintiff testified she thought the whistle was sounding and the bell ringing on this

locomotive at the very moment of the impact. Notwithstanding the circumstances surrounding this accident above noted, plaintiff's decedent continued to drive his automobile towards the approaching train until they were about to collide. He then attempted to avoid the collision by turning sharply to his right, but was unable to turn quickly enough to avoid the accident.

Upon trial before a jury at the conclusion of plaintiff's proofs, the circuit judge directed a verdict in favor of the defendant, holding as a matter of law that plaintiff's decedent was guilty of contributory negligence. Plaintiff reviews by writ of error. That the trial judge was correct in directing a verdict on the ground of contributory negligence is too plain for argument. *Baltimore, etc., R. Co.* v. *Goodman*, 275 U. S. 66 (48 Sup. Ct. 24, 56 A. L. R. 645); *Brady* v. *Railway Co.*, 248 Mich. 406; *Laurain* v. *Railroad Co.*, 249 Mich. 630. Other questions are raised by plaintiff's assignments of error. They have all been given consideration, but we think they are without merit, and a discussion of them would not be helpful to the profession. The judgment is affirmed, with costs to appellee.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.