LOCKETT *v.* GRAND TRUNK WESTERN RAILROAD CO.

HAWKINS *v.* SAME.

PEARSON *v.* SAME.

1. RAILROADS—CROSSINGS—CONTRIBUTORY NEGLIGENCE.
   One who fails to stop and look for oncoming trains at a railroad crossing is guilty of contributory negligence.

2. SAME—PROTECTED CROSSING—SILENT SIGNAL.
   A traveler approaching a protected railroad crossing is entitled to place some reliance upon the indication of safety implied by silent signal and degree of care required is that of an ordinarily prudent man under the circumstances, not the extreme care required at unprotected crossing, and whether proper care has been exercised is ordinarily a jury question.

3. SAME—PROTECTED CROSSING—CONTRIBUTORY NEGLIGENCE.
   Accident at a protected crossing does not necessarily present a question of fact for the jury on issue of contributory negligence, whether the question is one of fact or law depending on the circumstances of the particular case.

4. SAME—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE.
   Motorist, who approached a five-track railroad crossing which was protected by red series flash lights when train approached, who passed signal not then flashing, stopped and listened before crossing first track at which place view was obstructed by a high board fence and standing box car, who then traveled to fourth track in low gear without observing train was approaching from her right although view in that direction was totally unobstructed for 37.5 feet before reaching point of collision *held*, guilty of contributory negligence as a matter of law.

5. SAME—PROTECTED CROSSING—CONTRIBUTORY NEGLIGENCE.
   It is common knowledge that railroad trains are operated at high speeds on their own rights of way and that mechanical warning devices may get out of order, therefore, one crossing tracks has duty to make due observation and also use his

senses of sight and hearing to ascertain for himself whether train is approaching and if he fails to look at all when his view is unobstructed and could have avoided accident had he looked he will be guilty of contributory negligence as a matter of law.

6. APPEAL AND ERROR—LEAVE TO APPEAL—SIZE OF JUDGMENT.
    Leave to appeal from judgment of not more than $500 *held*, unnecessary, where case was one of three arising out of same accident, which were consolidated by stipulation for trial and appeal (3 Comp. Laws 1929, § 15491; Court Rule No. 60, § 1 [d], [1933]).

Appeal from Wayne; Miller (Guy A.), J. Submitted April 4, 1935. (Docket Nos. 71–73, Calendar Nos. 38,354–38,356.) Decided June 3, 1935.

Separate actions of case by Budd Will Lockett, administrator of the estate of Nellie May Lockett, deceased, Viola Hawkins and Millie Pearson against Grand Trunk Western Railroad Company for personal injuries sustained in a railroad crossing accident. Cases consolidated for trial and appeal. Verdicts and judgments for plaintiffs. Defendant appeals. Reversed without new trial.

*James F. Murray* and *J. P. Mikesell,* for plaintiffs.

*H. V. Spike* and *William W. Macpherson,* for defendant.

BUTZEL, J. Caniff avenue in the city of Hamtramck runs east and west, and as it approaches the city of Detroit from the east it traverses a crossing at which defendant has five parallel railroad tracks, running in a northerly and southerly direction. On each side of the crossing, in the center of Caniff avenue and 15 feet from the tracks, defendant has erected a large steel mast or post 12 feet in height,

set in concrete foundation, with cross arms at the top to which are attached a series of lights that flash red and show the word "stop" when a train is approaching. The lights flash only in the direction away from the crossing, and cannot be seen by one who has driven past them and on to the tracks. Between 12:30 and 1 p. m. on January 24, 1933, a bright, sunny day, Viola Hawkins, accompanied by Nellie May Lockett and Millie Pearson as guest passengers, drove her Ford sedan in a westerly direction toward the tracks. Mrs. Hawkins testified that as she approached the crossing she noticed that the signal lights were not flashing. She continued to watch the lights until she arrived at the crossing, when she stopped a few feet before the first track and looked and listened for a train. Her view to the north at this point was obstructed by a high board fence and also by a box car standing on the first track, so that she could not see more than a couple of hundred feet in that direction. Not seeing or hearing anything, she started the car up again in first speed and proceeded across the tracks as fast as the car would go in first gear, without making any further observations. The car was struck on the fourth track by defendant's train coming from the north, and Mrs. Lockett was killed, while Mrs. Hawkins and Mrs. Pearson were severely injured. After crossing the first track there was a clear and unlimited view of the tracks in either direction, and Mrs. Hawkins would have observed the train approaching, had she looked to the north at any time while traversing the distance of 37.5 feet from the first track to the point of collision.

The two survivors of the accident and the administrator of Mrs. Lockett's estate brought separate suits against the defendant, but the actions were combined and tried together in the lower court,

resulting in verdicts against the railroad company for all three parties. The cases were also consolidated into one record and presented as one cause on appeal to this court. Negligence on the part of defendant was shown in that the bell was not rung as the train approached the crossing. The important question on appeal, however, is whether plaintiffs were guilty of contributory negligence as a matter of law in not looking for oncoming trains after the automobile had passed the first track, when they had an unobstructed view for a distance of 37.5 feet, in which the train could undoubtedly have been seen. Defendant contends that the trial court was in error in submitting this question to the jury.

We have repeatedly held that a person is guilty of contributory negligence if he fails to stop and look for oncoming trains at a railroad crossing. *Davis* v. *Railway Co.*, 241 Mich. 166; *Rosencranz* v. *Railroad Co.*, 244 Mich. 137; *Laurain* v. *Railroad Co.*, 249 Mich. 630; *Richman* v. *Railway Co.*, 254 Mich. 607. We have adopted in this State the rule set forth by the United States Supreme Court in *Baltimore & Ohio R. Co.* v. *Goodman*, 275 U. S. 66 (48 Sup. Ct. 24, 56 A. L. R. 645). We appreciate that in a later case, *Pokora* v. *Railway Co.*, 292 U. S. 98 (54 Sup. Ct. 580, 91 A. L. R. 1049), the rule as stated in *Baltimore & Ohio R. Co.* v. *Goodman*, *supra*, was limited somewhat, but the court in commenting upon that case observed that the result therein reached was undoubtedly correct; that the driver had a clear space of 18 feet before reaching the track, in which the train was plainly visible, and his failure to look after he had passed the obstruction and entered this zone of unobstructed vision constituted contributory negligence as a matter of law. The facts in the instant case are quite similar,

except for the fact that we have here a case of a protected crossing.

It is true that we have held that a traveler approaching a protected crossing is entitled to place some reliance upon the indication of safety which the silence of the signal implies, and that the degree of care required of one approaching a crossing under such circumstances "is only that which an ordinarily prudent man would use under such circumstances, and not the extreme care that would be required if there were no device there to indicate safety; and that whether proper care has been exercised under such circumstances is ordinarily a jury question (*Baltimore & Ohio R. Co.* v. *Windsor*, 146 Md. 429 [126 Atl. 119])." *McPeake* v. *Railway Co.*, 242 Mich. 676. Also, *Motyka* v. *Railway Co.*, 256 Mich. 417; *Ackerman* v. *Railroad Co.*, 249 Mich. 693. However, an accident at a so-called "protected crossing" does not necessarily in all cases present a question of fact for the jury on the issue of contributory negligence. *Day* v. *Railroad Co.*, 252 Mich. 589; *Baltimore & Ohio R. Co.* v. *Windsor, supra; Crowley* v. *Railroad Co.*, 204 Iowa, 1385 (213 N. W. 403, 53 A. L. R. 964). But whether contributory negligence is a question of law for the court or one of fact for the jury depends upon the circumstances of the particular case.

In *McPeake* v. *Railway Co., supra,* where we held that the question of plaintiff's contributory negligence was one for the jury, the accident occurred on a dark night, at an unobstructed crossing. After noticing that the automatic signal was not working, the driver continued to look in both directions but saw no train approaching. He was struck by an unlighted train which was being backed over the cross-

ing. In the case at bar no circumstances are shown which could have prevented Mrs. Hawkins from seeing the approaching train had she looked after crossing the first track. She was then in a zone of safety for a distance of 37.5 feet, in which her view was totally unobstructed. She was no longer in a position to be warned by the signal lights. They were already in back of her and out of her sight. But she could have observed the approaching locomotive by the use of her own senses, and we believe that her failure to look while traversing this zone of safety constituted contributory negligence as a matter of law. The case falls squarely within our recent holding in *Stone* v. *Railway Co.*, 248 Mich. 538. There the crossing was protected by gates, which were not operated at night and which were up when plaintiff approached the crossing. Plaintiff, however, was not aware of this practice. As he approached the track he noticed that the gates were up, but did not rely upon this fact entirely, looking in both directions before entering the crossing. The court, in holding that plaintiff was guilty of contributory negligence as a matter of law, stated:

"The engine, drawing a freight train, approached the crossing from the east, which was to the right of the driver of the automobile. He testified that he did not look to the right once after crossing the first track. When he reached the third track, his view to the right was obstructed to some extent by the box car, but beyond the box car, between the third track and the defendant's track, was a safety zone of 38 feet. There his view was unobstructed. There was the train, but he did not see it because he did not look. He drove ahead heedlessly until he was within 12 feet of the track, when plaintiff called to him from the rear seat. Then, and for the first time, he saw the train. It was too late to avoid the collision. If either the driver or the plain-

tiff had looked after they passed the box car, while they were in a zone of safety, they would have seen the train and been able to avoid the accident.''

While it is difficult to lay down a positive rule which may be applied to all cases, it must be remembered that railroad trains, of necessity, are operated at a high rate of speed, in accordance with public demand; that they proceed over their own right of way; and that mechanical devices installed to warn the public may get out of order. Therefore, while an approaching train must give proper warning, and while the silence of the protective device is an indication to the traveler that no train is approaching, nevertheless the driver is not thereby relieved of the duty of making due observation, but must use his own senses of sight and hearing to ascertain for himself whether a train is in fact approaching, and if he fails to look at all where he has an unobstructed view and where he could undoubtedly have seen the train in time to avoid an accident, had he made any observation, he is guilty of contributory negligence as a matter of law.

Inasmuch as the three cases were by stipulation consolidated, tried together in the court below, and also brought to this court as one cause, special leave to appeal was unnecessary, although the judgment in favor of Mrs. Hawkins was not in excess of $500.* The judgments in all three cases will therefore be reversed, with costs to defendant, without new trial.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.

---

* Judgments in favor of plaintiffs were as follows: Plaintiff Lockett, $2,500; plaintiff Hawkins, $500; plaintiff Pearson, $1,000. See 3 Comp. Laws 1929, § 15491; Court Rule No. 60, § 1 [d], [1933]).