## ALEXANDER *v.* GRAND TRUNK WESTERN RAILROAD COMPANY.

1. RAILROADS — AUTOMOBILES — GRADE CROSSING — OBSERVATION — CONTRIBUTORY NEGLIGENCE.

   A motorist is guilty of contributory negligence as a matter of law where he approaches a railroad crossing at grade and fails to look at all, where he could have seen an approaching train in time to avoid an accident had he made any observation.

2. SAME—VIOLATION OF STATUTE OR DUTY—NEGLIGENCE.

   Railroads will be chargeable with negligence if there is a violation of an express requirement of statute or duty imposed by public authority or there are unusual conditions which require additional warnings.

3. SAME — GRADE CROSSING — WARNING DEVICE — COURTS — PUBLIC UTILITIES COMMISSION.

   It is not for a court to prescribe what measures a railroad shall take respecting safety at a particular crossing, where the State legislature had delegated to State public utilities commission the authority to control the actions of the railroad respecting safety measures at crossings, the commission had required that a particular warning device be installed and installation had been completed before occurrence of accident for which action was brought.

4. SAME—GROSS NEGLIGENCE—WARNING DEVICE—PUBLIC UTILITIES COMMISSION.

   A railroad may not be held guilty of gross negligence in action by motorist injured at a grade crossing, where the railroad had complied with State public utilities commission's order with respect to installation and operation of signal device at such grade crossing.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 44 Am Jur, Railroads §§ 529–530.
[2] 44 Am Jur, Railroads §§ 413, 496.
[3–5] 44 Am Jur, Railroads § 514.

5. SAME—GROSS NEGLIGENCE—WIG-WAG SIGNAL—TIME OF OPER-
ATION.

It was not gross negligence for railroad not to operate wig-wag
signal warning device at a grade crossing 12 hours of the
day, where order of State public utilities commission only
required operation during 12 hours of the day and accident
occurred at a time other than when operation was required
by order of the commission.

6. SAME—AUTOMOBILES—CONTRIBUTORY NEGLIGENCE AS MATTER OF
LAW—OBSERVATION.

Motorist was guilty of contributory negligence as a matter of
law, where he failed to see train approaching grade cross-
ing at 5:50 a.m. in mid-November although his view was
unobstructed for over 49 feet before reaching the crossing and
he failed to have his car under sufficient control to be ready
to stop instead of relying on wig-wag signal which was not
required to be in operation at that particular time.

Appeal from Genesee; Gadola (Paul V.), J. Sub-
mitted June 9, 1954. (Docket No. 14, Calendar No.
44,880.) Decided September 8, 1954.

Case by Robert F. Alexander against Grand
Trunk Western Railroad Company for personal in-
juries sustained when automobile was struck at
grade crossing. Judgment for defendant notwith-
standing verdict. Plaintiff appeals. Affirmed.

*Andrew J. Transue,* for plaintiff.

*Brownell & Gault,* for defendant.

REID, J. Plaintiff sued for personal injuries and
damages caused to his automobile by reason of a
diesel engine, which was drawing a train, striking
his automobile in the middle of the right side, while
he was crossing the tracks of defendant's railroad
at Kearsley Park boulevard in the city of Flint. On
a trial before a jury, plaintiff had verdict for $2,000
damages. On motion of defendant, the court en-

tered judgment for defendant notwithstanding the verdict, on the ground of contributory negligence of plaintiff. Plaintiff appeals.

The accident happened about 5:50 a.m., November 17, 1944. Defendant's railroad tracks cross Kearsley Park boulevard in the city of Flint in an easterly and westerly direction at not quite a 90-degree angle. Kearsley Park boulevard is a pavement about 30 feet wide from the east curb to the west curb and extends in a northerly and southerly direction across the tracks. There is considerable traffic at the crossing. A building is located approximately 50 feet north of the tracks and approximately 35 feet west of Kearsley Park boulevard. The photographs introduced in evidence show buildings on the west side of Kearsley Park boulevard from a point 49.4 feet north of the tracks to a point several hundred feet to the north so that the view to the west by one driving from the north is obstructed until he is within 49.4 feet of the tracks, from which point the view of the tracks is unobstructed. There is a double curve in the road some 200 yards from the track, at which point Poplar street comes in from the west.

Plaintiff claims that his view was obstructed until he was south of a parked car, or about 40 feet north of the tracks. Plaintiff claims that he thought the defendant's wig-wag signal at the tracks was an automatic signal and operated 24 hours a day to give warning of approaching trains and there was no sign of any kind to inform the public that the signal was not operated all the time; the signal was one that operated from a tower from the hours of 6 o'clock in the morning to 6 o'clock at night. It was a flasher wig-wag signal with a bell located to the right of the road up quite high, a little higher than the top of the automobile. The plaintiff had been going this route off and on for years and had ap-

proached the tracks on many occasions when there was a train coming and when the flasher wig-wag signal with a bell was in operation at the time the trains were approaching. On this day he observed the wig-wag signal and that it was not in operation. The plaintiff did not know at that time that the signal was not operated by the railroad between 6 at night and 6 in the morning. On this day he had a clear view of the wig-wag signal and looked at it more than once; looked at it often; glanced at it on and off all the way around there because that was his custom, and he relied on it.

Plaintiff drove down Kearsley Park boulevard, making a curve to the west, and approached the curve to the south. At that point a car pulled off Poplar street in front of him. He followed this car very closely as they were coming around there and they had a clear view of the tracks to the left, that is, to the east, and a clear view of the wig-wag signal. He followed the other car across and got on top of the tracks when for the first time he observed, or heard, the locomotive that hit him. His car was equipped with 4-wheel brakes. The windshield was clear and the brakes were in good condition. He wore glasses, but with the glasses his eyesight was normal. His hearing was normal. He did not have any physical difficulties at that time that would prevent him from seeing, or hearing, or observing as any normal person. His reaction time was normal. His headlights were burning, on dim, and were in good condition. He was following the car which had come into Kearsley Park boulevard back 200 yards and was following it about 20 feet behind. He testified that he had been going 20 to 25 miles an hour, but that when the train hit him, he was going about 15 miles an hour. He was severely injured.

The State police tests show the distance for the normal time it takes to stop a car going 20 miles

an hour is 43 feet and that if the reaction time of the driver is slower than the average, it would take at least 50 feet.

On the general subject of plaintiff's duty, see *Silanpa* v. *Thomson,* 309 Mich 326; also, *Beagle* v. *Pere Marquette R. Co.,* 184 Mich 17.

In *Lockett* v. *Grand Trunk Western R. Co.,* 272 Mich 219, 225, we said:

"If he [the driver] fails to look at all * * * where he could undoubtedly have seen the train in time to avoid an accident, had he made any observation, he is guilty of contributory negligence as a matter of law."

See *Dahlerup* v. *Grand Trunk Western R. Co.,* 319 Mich 96, syllabus 2.

Also, see *Allen* v. *Grand Trunk Western R. Co.,* 334 Mich 104, 107. Railroads will be chargeable with negligence if there is a violation of an express requirement of statute or duty imposed by public authority or there are unusual conditions which require additional warnings. No such unusual conditions are shown.

The Michigan public utilities commission, September 19, 1923, after receiving a report of inspection of the crossing in question, ordered that defendant Grand Trunk Western Railroad Company, "within 30 days from service hereof cause to be installed and thereafter effectively maintained and operated a crossing alarm bell with wig-wag attachment at the said east Kearsley street crossing of your tracks to warn the public of the approach of engines and trains, said device to be operated by the watchman now maintained at the Walnut street crossing of your tracks in Flint, between the hours of 6 a.m. and 6 p.m. daily."

The State legislature having delegated to the State commission the authority to control the actions of

the railroad respecting safety measures at crossings, it is for the commission and not for the court to prescribe what measures the railroad shall take respecting safety at the crossing.   Plaintiff argues that the actions of the railroad in causing that the wig-wag signal shall not be in operation for 12 hours of each day, leaves the crossing in such a condition that it is unduly hazardous as to public traffic and that the action of the railroad in providing that the wig-wag signal shall not be in operation 12 hours of each day amounts to gross negligence.

Defendant having complied with the order of the State commission, is exempt from plaintiff's claim of gross negligence.

Plaintiff, who could see the nonoperating wig-wag signal and who speaks in his testimony of many objects which he saw, is without excuse for failure to note the approach of the train, which was visible when plaintiff was over 49 feet from the point of the collision.   He was very familiar with the crossing. Had he looked, he could have seen the train in time to stop and avoid collision.   He should have had his car under sufficient control to be ready to stop seasonably as he passed the corner of the building when 49.4 feet from the railroad crossing.   He should have approached the intersection with caution commensurate with circumstances and conditions then present. The trial court correctly determined the plaintiff was guilty of contributory negligence as a matter of law.   See *Kowalczyk* v. *Detroit & Mackinac R. Co.,* 335 Mich 220.

The judgment appealed from is affirmed.   Costs to defendant.

Butzel, C. J., and Carr, Bushnell, Sharpe, Boyles, Dethmers, and Kelly, JJ., concurred.