DOWNEY v. PERE MARQUETTE RAILWAY CO.

RAILROADS—CROSSING ACCIDENT—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

In an action against a railway company by the driver of a taxicab for injuries to his person and property caused by a collision between the taxicab and defendant's locomotive on a highway crossing, where the evidence shows that plaintiff either did not look when first in a position to see down the track, or else after he saw the approach-

On duty of driver of automobile as to stopping, looking and listening before crossing railroad track, see note in 46 L. R. A. (N. S.) 702.

ing train he concluded that he had time to cross, he was guilty of contributory negligence as a matter of law, barring his right to recover.[1]

Error to Muskegon; Vanderwerp (John), J.     Submitted January 23, 1925.   (Docket No. 17.)     Decided April 3, 1925.   Rehearing denied June 18, 1925.

Case by Edmund B. Downey against the Pere Marquette Railway Company for personal injuries.   Judgment for defendant *non obstante veredicto*.   Plaintiff brings error.   Affirmed.

*Bunker & Rogoski* (*R. Glen Dunn*, of counsel), for appellant.

*W. K. Williams* and *John C. Shields* (*Cross, Foote & Sessions*, of counsel), for appellee.

SHARPE, J.     On November 6, 1922, plaintiff received injuries to his person and property by reason of the collision of a taxicab which he was driving with one of defendant's locomotives, for which the jury awarded him damages in the sum of $24,013.07.   Defendant's motion for a directed verdict, made at the conclusion of the proofs, on the ground that the plaintiff was guilty of contributory negligence, having been reserved, was renewed after verdict and a judgment entered in its favor.   This judgment plaintiff reviews by writ of error.   The assignments all relate to the action of the court in entering the judgment *non obstante veredicto*.

The trial court, in the opinion filed, after quoting the testimony of plaintiff and his witnesses, found that "he was guilty of contributory negligence, as a matter of law."   His conclusion as to the evidence was thus stated:

"He finds his view obstructed, as he claims.   He

---

[1]Railroads, 33 Cyc. p. 1113.

fails to stop, look and listen in a place where it would have been effective. He says he stopped before going on first track, but could not see because of shrubbery, a coal or gravel car and office building being there; that he could not tell which track the train was coming on. If there was coal or gravel car there, on the first track he claims, he must have known it would not come on track No. 1. If he had looked when on the first track, and before going on the second track, or had looked when between first and second tracks, he could have seen train coming 400 or 450 feet away, which was the distance to the curve stepped off by Grover Pletcher, as he testifies.

"Plaintiff, driving a touring car in November, with the curtains on, he being blind in his right eye, with obstructions to the right of him, as he claims, should have stopped his car where such stopping would have been effective and looked for a train which might come. He did not look where looking would do him any good, or he would have seen the train in ample time to have stopped his car. His contributory negligence bars his recovery."

We have read the record with much care. Viewing the testimony supporting plaintiff's claim that he was free from negligence, in its most favorable light, we cannot but find that the conclusion reached by the trial court was fully justified.

Plaintiff, a man 35 years old, had driven a taxicab about 15 years. He was in good physical condition except that he was blind in his right eye. He was driving a party of four persons from Muskegon to Lansing. The road via Sparta was the one in general use at that time. Improvements on the highway through the village necessitated a detour, which brought him to the crossing in question. Five of defendant's tracks crossed the highway at this point. When about 40 or 50 feet from the crossing, plaintiff stopped, looked and listened. His view was then obstructed. From that point he drove to the first track and again stopped. It is his claim that a box car on this track obstructed his vision. He then pro-

ceeded, and when he got on the first track saw the locomotive coming from the south. The distance between the first and second tracks was 12 feet. If the box car stood on the first track, he must have known that a train would not approach on it. There is a curve in the track from 400 to 500 feet south of the crossing. There can be no doubt that, had he looked to the south from the point at which he could first see the track on which the train was approaching the crossing around the curve, he would have had plenty of time to have stopped his car and avoided the collision. His testimony that he did look and did not see the locomotive is so opposed to the undisputed physical facts that it cannot be said to raise a question for the jury. He either did not look when first in a position to see down the track, or else after he saw the approaching train he concluded that he had time to cross. In either event, he was guilty of such contributory negligence as bars his recovery. *Manos* v. *Railway*, 168 Mich. 155; *Molby* v. *Railway*, 221 Mich. 419; *Sheets* v. *Railroad Co.*, 224 Mich. 588; *Britten* v. *Railway Co.*, 224 Mich. 91; *Eisele* v. *Railway Co.*, 224 Mich. 236.

The judgment is affirmed.

MCDONALD C. J., and BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred. CLARK, J., did not sit.