RUSHFORD-SURINE *v.* GRAND TRUNK RAILWAY CO.

1. RAILROADS — NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

   Where occupants of a truck when within 50 feet of a railroad crossing had an unobstructed view of the track for a distance of from 600 to 1,000 feet in the direction from which a train was coming, and had they looked they could not have failed to see the train, but they either failed to look or tried to beat the train across, and were struck and killed, they were guilty of contributory negligence as matter of law.

[1]Railroads, 33 Cyc. pp. 1003, 1004, 1006, 1117, 1127; 22 R. C. L. 1020; 4 R. C. L. Supp. 1484.

2. SAME—PRESUMPTION MAKES NO STRONGER CASE THAN POSITIVE. TESTIMONY.

Where the physical facts establish that, had they looked with the slightest degree of care, they could not have failed to see the oncoming train, testimony that they did look would not take the case to the jury, and, therefore, the presumption that they did look, there being no witnesses, would not take it to the jury either, since the presumption could not make a stronger case than positive testimony.

3. SAME—GROSS NEGLIGENCE—CONCURRENT NEGLIGENCE.

If the engineer was guilty of negligence in failing to apply the brakes when he discovered the truck approaching the crossing, it was not subsequent or discovered negligence but concurrent negligence, since the negligence of the occupants of the truck continued until the collision.

4. SAME—ENGINEER NOT BOUND TO ASSUME THAT TRAVELERS IN PLACE OF SAFETY WILL BE NEGLIGENT.

If the engineer had seen the truck when it came into view 50 feet from the crossing when the train was 500 or 600 feet away, he was not bound to assume that it would continue on its way, and therefore was not required to attempt to stop the train.

5. NEGLIGENCE—COMPARATIVE NEGLIGENCE.

The doctrine of comparative negligence does not obtain in this State.

MCDONALD, J., dissenting.

Error to Ionia; Hawley (Royal A.), J.    Submitted January 7, 1927.    (Docket No. 52.)    Decided June 6, 1927.

Case by Mary J. Rushford-Surine, administratrix of the estate of Walter Rushford, deceased, against the Grand Trunk Railway Company for the alleged negligent killing of plaintiff's decedent.    Judgment for defendant on a directed verdict.    Plaintiff brings error. Affirmed.

²Railroads, 33 Cyc. pp. 1073, 1096; ³Id., 33 Cyc. p. 1049; ⁴Id., 33 Cyc. p. 979; ⁷Negligence, 29 Cyc. p. 560.

*George E. Nichols* and *Glenn D. Mathews,* for appellant.

*H. R. Martin (Leo J. Carrigan,* of counsel), for appellee.

McDONALD, J. (*dissenting*).    Plaintiff's intestate and one Seabrook, who were partners in the draying business, left Ionia with a Reo truck loaded with monument stones, bound for the cemetery in the northern part of the village of Muir.    The windshield, curtains and windows formed a cab on the truck in which the two men rode.    When they arrived at the village of Muir they drove to Blanchard street, and turned north on that street.    They were then 170 feet from the intersection of Blanchard street with defendant's railway track.    At this point they had a clear view of the track.    From that point to the north the view was more or less obscured by buildings, trees, shrubbery and foliage, until they reached a point 50 feet south of the south rail of defendant's track.    When the 50-foot point was reached they had a clear view to the west from 400 to 600 feet. The view to the east was not so good.    The truck, at the 50-foot point, was traveling at the rate of 10 to 12 miles an hour, or upwards of 14 feet per second.    At this rate the truck would travel from the 50-foot point to the track in about 3 seconds.    On each side of the intersection there was an incline in the highway which the truck was obliged to ascend. They drove north onto the railway track and were struck by the 1 o'clock east-bound passenger train, which was traveling at the rate of 45 to 50 miles an hour, and was an hour behind time.    Both men in the truck were killed.    No crossing warning was given by the engineer.    There was no slackening of the speed of the engine until after the collision, the engineer claiming he did not see the truck until the

collision occurred.   The weather was hazy and misty.
The village of Muir had an ordinance in force fixing the
maximum rate of speed of trains in the village at 12
miles an hour.   The plaintiff filed a declaration of these
facts and charged excessive speed, and a failure to
give any crossing warning of its approach.   Plain-
tiff also counted upon defendant's failure to give any
warning, or to slow the train when the engineer dis-
covered plaintiff going into the danger zone.   The
plea of the defendant was the general issue.   When
ready for trial plaintiff's counsel made a statement to
the jury of which the foregoing statement embodies
the material facts, and, upon motion of defendant, the
trial court directed a verdict for it because of the con-
tributory negligence of plaintiff's intestate.

Defendant's Negligence.   If defendant's train were
traveling 45 or 50 miles an hour within the village
limits of Muir, it was a question of fact for the jury
whether in so doing it was negligent.   *Hudson* v. *Rail-
way Co.*, 227 Mich. 1; *Morgan* v. *Railway*, 234 Mich.
497.   If it gave no warning of its approach to the
crossing it was negligent.   *Id.*   Under the statement
of counsel these two questions involving the negligence
of defendant were questions of fact for the jury.

Plaintiff's Negligence.   Under the first count, if
the plaintiff approached the crossing and could see
from 400 to 600 feet to the west, and he did not look,
no recovery can be had in this action, but the fact
whether he failed to look must appear by the proofs,
as no living witness saw the accident.   In such cir-
cumstances it cannot be presumed that he was negli-
gent, and the plaintiff starts out in the trial with the
presumption that her intestate was not negligent un-
less that presumption is overcome by the physical facts.
*Richardson* v. *Railway Co.*, 176 Mich. 413; *Cinadar*
v. *Railway Co.*, 193 Mich. 38.

(*a*) Suppose from the proofs the jury should con-

clude that when plaintiff arrived at the 50-foot open space where he could see a train approaching he looked in an easterly direction first and when he looked to the west the unheralded train was so close he thought it would be dangerous to back up and, therefore, tried to go across in safety, would not his negligence be a question for the jury?

(*b*) Or suppose when he discovered the train he, in good faith, thought he could cross in safety, but being deceived by the excessive speed of the train he missed clearing the train by a second of time. Would not his negligence be a question for the jury?

(*c*) If the truck were going 10 to 12 miles per hour it would travel a little more than 14 feet a second. He would travel the 50 feet in which he could see in 3 seconds. Suppose plaintiff got on or near the track by his failure to look, and the engineer did see him, or ought to have seen him, and no warning was given, nor any attempt made to slacken the train, would not the question of after-discovered negligence be one for the jury? By applying the brakes when the engineer saw the truck going into the zone of danger he could have given the truck at least a moment or more time to make the crossing, and in less than that time they would have cleared it. These questions are suggested by counsel's statement. We are not disposed to pass upon the case until the final proofs are here, but we think there are questions of fact suggested by the statement of counsel which could not be decided by the court as questions of law.

Much reliance was placed by the court on the case of *Knickerbocker* v. *Railway Co.*, 167 Mich. 596. There is an element in the present case, which is very troublesome, that did not appear in that case. In that case two witnesses saw the boy as he went onto the railway track and was struck, while in this case no living witness saw the accident, the engineer claim-

ing that he did not see the truck until the collision took place.

It was commendable in the trial court to try to expedite the business of his court, but we think the practice of directing a verdict upon the statement of counsel, especially in this class of cases, is one that ought not to be encouraged. Sometimes a bit of testimony, a brief cross-examination of a witness or an admission of a party determines the question as to whether the case should go to the jury. *Leonard* v. *Beaudry*, 68 Mich. 312, 323.

The judgment should be reversed and a new trial ordered, with costs to the plaintiff.

FELLOWS, J. Accepting the opening statement of plaintiff's counsel as the facts in the case and all of them, as we should, it is established that when the decedent and his companion were approaching the track and for 50 feet back from the track they had an unobstructed view in the direction the train was coming from for a distance of from 600 to 1,000 feet. Their truck could have been stopped in 5 or 6 feet going at the rate of 10 or 12 miles an hour. They were going up hill. If they drove that distance without stopping their car or looking for a train, or if they saw the train when they could and should have seen it back 50 feet from the track in a place of perfect safety and tried to beat it across, they were guilty of contributory negligence as matter of law. *Lanier* v. *Railway Co.*, 209 Mich. 302; *Britten* v. *Railway Co.*, 224 Mich. 91; *Eisele* v. *Railway Co.*, 224 Mich. 236; *Sheets* v. *Railroad Co.*, 224 Mich. 588; *Baader* v. *Railway Co.*, 228 Mich. 104; *Pamburn* v. *Railroad Co.*, 228 Mich. 472; *West* v. *Railroad*, 229 Mich. 590.

But my Brother McDONALD reasons that because there was no witness to the accident a presumption arises that they exercised due care and looked but did

not see the train.    Such a presumption could not make a stronger case than would testimony that they looked. Had there been such testimony in the case, it would not take the case to the jury where the undisputed physical facts establish that had they looked with the slightest degree of care they could not have failed to see the oncoming train.    *Champaign* v. *Railway*, 181 Mich. 672; *Molby* v. *Railway*, 221 Mich. 419; *Bradley* v. *Davis*, 223 Mich. 275; *Downey* v. *Railway Co.*, 230 Mich. 243.    In the last cited case, it was said by Mr. Justice SHARPE, speaking for the court:

"His testimony that he did look and did not see the locomotive is so opposed to the undisputed physical facts that it cannot be said to raise a question for a jury.    He either did not look when first in a position to see down the track, or else after he saw the approaching train he concluded that he had time to cross.    In either event, he was guilty of such contributory negligence as bars his recovery."

My Brother does not discuss the question of subsequent or discovered negligence.    Nor do I think that question is in the case.    If the decedent and his companion were guilty of negligence, and I think they were, such negligence continued until the collision. It was not subsequent or discovered negligence but concurrent negligence.    *Gibbard* v. *Cursan*, 225 Mich. 311; *Watts* v. *Railroad Co.*, 231 Mich. 40.    If the engineer had seen the truck when it came in view 50 feet back from the track and when the train was 500 or 600 feet from the crossing, and this is the most it can by any possibility be claimed he was bound to do, he would not have been bound to assume that the occupants of the truck would continue on their way and be required to stop the train.    In *Knickerbocker* v. *Railway Co.*, 167 Mich. 596, it was said by Mr. Justice OSTRANDER, speaking for the court:

"But it is not negligence—clearly it is not gross negligence—to fail to stop or to fail to gain complete

control of a train of cars, merely because persons are seen approaching the track upon a highway on foot, or with vehicles.    Such an approach is not usually evidence of negligence, and such persons are not usually in any peril."

From the opening statement it appears that the train ran 980 feet after the engineer applied the emergency brakes before the train stopped.  No case of subsequent or discovered negligence was made out, and the doctrine of comparative negligence does not obtain in this State.

The judgment is affirmed.

SHARPE, C. J., and SNOW, STEERE, WIEST, and CLARK, JJ., concurred with FELLOWS, J.    BIRD, J., did not sit.