BRADY v. PERE MARQUETTE RAILWAY CO.

RAILROADS—NEGLIGENCE—IMPUTABLE   NEGLIGENCE — CONTRIBUTORY
NEGLIGENCE—DIRECTED VERDICT.

> Driver of automobile with view, when 15 feet away, of 700
> feet down track in direction from which train was approaching
> crossing, who drove onto track, with result that automobile
> was struck and wife, who was riding with him, was injured,
> was guilty of negligence as matter of law, although there
> was testimony that he stopped, looked, and listened, and saw
> no train, since, if he did not see train, he failed to see what
> he should have seen; and, his negligence being imputable to
> wife, her right to recover is barred by contributory negligence.
> McDONALD and POTTER, JJ., dissenting.

Error to Ingham; Collingwood (Charles B.), J.
Submitted June 7, 1929. (Docket No. 111, Calendar
No. 33,510.) Decided December 3, 1929.

Case by Cleo Brady against the Pere Marquette
Railway Company, a Michigan corporation, for per-
sonal injuries sustained in collision at railway cross-
ing. From a judgment upon directed verdict for de-
fendant, plaintiff brings error. Affirmed.

*Walter M. Nelson,* for plaintiff.

*W. K. Williams* and *J. C. Shields* (*Thomas, Shields
& Silsbee,* of counsel), for defendant.

WIEST, J. The circuit judge was right in directing
the verdict for defendant.

If defendant was guilty of negligence, the husband
of plaintiff, driver of the automobile, was clearly
guilty of contributory negligence, and, under the
doctrine of imputed negligence, she cannot recover.

On credibility and effect of testimony of person injured at rail-
road crossing that he looked and listened, where he must have
detected the train had he looked or listened, see annotation in L. R.
A. 1915B, 140.

The driver of the car had open to him, and says he employed, a view of 700 feet down the track over which the train came, and that he saw no train, and yet, in driving his automobile a distance of about 15 feet, the train struck him. Where such a view is open, a collision between a train and an automobile moving across a railroad track is only possible by reason of want of care on the part of the automobile driver. No testimony can refute the unquestioned physical facts, and no indulgence in arithmetical soliloquy can make it otherwise. If the driver did not see the train he failed to see what he should have seen, and what he should have seen and heeded, instead of what he says he did not see, governs in a lawsuit. The court still heeds physical facts, even though disputed by testimony. *Molby* v. *Railway,* 221 Mich. 419; *Baader* v. *Railway Co.,* 228 Mich. 104; *Molda* v. *Clark,* 236 Mich. 277; *Kun* v. *Railway Co.,* 240 Mich. 598; *Kneebone* v. *Lake Superior District Power Co., ante,* 403. In connection with what I have said it will be profitable to examine the majority opinion in *Rushford-Surine* v. *Railway Co.,* 239 Mich. 19.

The judgment is affirmed, with costs to defendant.

North, C. J., and Fead, Butzel, and Sharpe, JJ., concurred with Wiest, J.

McDonald, J. (*dissenting*). This suit was brought to recover damages for personal injuries received in a crossing collision between an automobile in which the plaintiff was riding and one of the defendant's passenger trains. The automobile was being driven by the plaintiff's husband in a northerly direction on Pennsylvania avenue in the city of Lansing. When they reached the railroad crossing, they stopped. Another automobile was immediately

ahead of them. It also stopped, then proceeded across the tracks. The plaintiff's car followed and was struck by a train coming from the east. Both the plaintiff and her husband testified that they stopped, looked and listened before attempting to cross, but neither saw nor heard the approaching train. The crossing is protected by a wigwag signal which they say was not working at the time of the accident. The time was about 8 o'clock in the evening. It was raining, but the plaintiffs say that they could see a distance of 700 feet up the track in the direction from which the train came.

The defense was contributory negligence, and on that ground the court directed a verdict in favor of the defendant. To review the judgment entered, the plaintiff has brought error.

There is no doubt as to the defendant's negligence. The only question involved is whether the plaintiff was guilty of contributory negligence as a matter of law. Both the plaintiff and her husband testified that they exercised all the care required by the law before attempting to cross the track. They stopped, looked, and listened at a point where their view was unobstructed. They could see 700 feet up the track in the direction from which the train was coming. They both looked and saw nothing. They looked at the wigwag. It was not working. They listened and heard no bell or whistle. If we accept this testimony as true, we must hold that they were free from contributory negligence. But the defendant claims the testimony that they looked and did not see the train approaching is contrary to the physical facts and does not make a question for the jury under the holding of this court in *Molby* v. *Railway,* 221 Mich. 419; *Bradley* v. *Davis,* 223 Mich. 275; *Downey* v. *Railway Co.,* 230 Mich. 243; *Rushford-Surine* v. *Railway Co.,* 239 Mich. 19.

It is the defendant's claim that when the plaintiffs started to cross the track the train was within 264 feet of the crossing, and if they had looked they would have seen it. This is true if the engineer is correct as to the speed of the train. He says it was running 18 miles an hour. The plaintiff testified that they were 10 seconds in getting on the track after they started to cross. A train running 18 miles an hour would travel 264 feet in 10 seconds. So, if the train were traveling 18 miles an hour, it must have been within their vision at the time they say they looked. If it were anywhere within the distance of 700 feet from the crossing they could have seen it, and failure to do so would constitute contributory negligence. The question is to be determined by ascertaining the speed of the train. The only direct testimony as to speed came from the engineer, who says it was running 18 miles an hour. But there was other testimony to the effect that, under like circumstances, a train running 18 miles an hour could be stopped in a distance of 150 feet, and that this train ran from 450 to 500 feet after the collision. If using the same methods as this engineer used a train traveling 18 miles an hour could be stopped in 150 feet, it must have been running three times as fast, or 54 miles an hour, if it could not be stopped short of 450 feet. During the 10 seconds which it took the plaintiffs to drive upon the track, the train, running 54 miles an hour, would go 792 feet. If it were running at that rate of speed, it was 92 feet beyond their vision when they started to cross the track. This testimony and that of the defendant's engineer raised an issue the determination of which controls the question of contributory negligence; for, on this record, whether the plaintiffs could see the train when they say they looked depends solely on its speed. The question whether it was physically im-

possible for them not to have seen it if they had looked was for the jury.

The court erred in treating it as a matter of law.

The judgment should be reversed and a new trial granted. The plaintiff should have costs.

POTTER, J., concurred with McDONALD, J.  CLARK, J., did not sit.