JOHN W. LADD CO. *v.* NEW YORK CENTRAL RAILROAD CO.

1. RAILROADS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.
   Where the driver of a truck about to cross a side track in daytime could have seen freight cars slowly approaching, his failure to see them, or if he saw them, his failure to stop, constituted contributory negligence as matter of law.

2. SAME—AFTER-DISCOVERED NEGLIGENCE—LAST CLEAR CHANCE.
   Plaintiff's claim of right to recover on the theory of subsequent or discovered negligence, *held*, not tenable under the facts of the case.

Error to Wayne; Dunham (Major L.), J., presiding. Submitted January 10, 1930. (Docket No. 66, Calendar No. 34,270.) Decided March 6, 1930.

Case by John W. Ladd Company, a Michigan corporation, against New York Central Railroad Company, a corporation, for money paid under the workmen's compensation act to its employee's widow

because of death of employee in a collision between plaintiff's truck and defendant's train, and for other damages. From a judgment *non obstante veredicto* for defendant, plaintiff brings error. Affirmed.

*Butzel, Levin & Winston* and *Kerr, Lacey & Scroggie,* for plaintiff.

*Angell, Turner, Dyer & Meek,* for defendant.

NORTH, J. The plaintiff company employed Ivan Blood as a truck driver. He was killed and plaintiff's truck badly damaged in the accident out of which this suit arises. The plaintiff, in its own behalf and in behalf of the insurance company which carried its employer's liability risk, brought this suit to recover approximately $4,200 paid under the workmen's compensation act (2 Comp. Laws 1915, § 5423 *et seq.*) to the widow of Mr. Blood, and to recover for the damage to plaintiff's truck. The jury rendered a verdict for $6,711.99 in favor of the plaintiff; but on motion, *non obstante veredicto* judgment was entered in favor of the defendant. Plaintiff reviews by writ of error.

Blood attempted to deliver to the defendant certain goods to be shipped by freight over defendant's railroad, and for that purpose drove the truck into its railroad yards at the easterly end of its freight house. The driveway extends northerly from this point and is crossed by 11 side tracks extending in an easterly and westerly direction. The car into which Blood was to load the freight he was trucking was located on the northerly one of these sidings. Side track number seven as it extends west of the driveway passes close to the north side of defendant's freight house. Plaintiff claims that as Blood

approached within approximately four feet of track number seven he stopped his truck, made an observation, and then started to cross; that seven loaded freight cars, to the east end of which one of defendant's locomotives was attached, were standing 25 or 30 feet east of Blood's position, and, just as he was going upon the side track, this string of cars was suddenly started, collided with the truck, and knocked or pushed it against the defendant's freight house where it was crushed between the building and the moving freight cars. Injuries were inflicted upon Mr. Blood from which he died about a month later. The negligence charged against the defendant company is that the freight cars in question were suddenly and negligently pushed across the driveway without warning to the driver of plaintiff's truck either by bell, whistle, or by any employee in charge of the moving cars.

On the other hand, it is the claim of the defendant that there was no negligence on the part of its servants in the operation of the train, and that the collision with plaintiff's truck was caused by the negligence of the driver. Defendant claims that Blood did not stop the truck as he approached this side track; but instead drove rapidly towards the track, slowed down as he approached it, and then stopped the truck too near the track, or that his truck was struck just as he reached the siding. One eyewitness testified Blood "stopped his machine with the wheels right centered between the two rails," when the approaching freight cars were within four to six feet. It is claimed by defendant that Blood did not use ordinary care in making proper observation, otherwise he would have seen the freight cars approaching from the east at a rate of six or seven miles an hour. It is defendant's claim

that these freight cars were not stopped at all as they approached this crossing, that the brakeman on this train was riding on the forward moving car, and that he saw plaintiff's driver approaching with the truck but under such circumstances that it led him to believe the driver would stop before attempting to cross the tracks; and that, when he discovered that the driver was not about to stop before attempting to cross, the brakeman called to him and did all he could to stop the train, but it was then too late to avoid the accident by stopping the moving cars. Immediately before the collision an emergency stop signal was given, and the train stopped in approximately 15 feet.

We are not here concerned with the conflicting claims of the respective parties as to how this accident happened, except for the purpose of determining whether it appears that as a matter of law the driver of plaintiff's truck was guilty of contributory negligence. The trial judge entered the judgment *non obstante* because he found that it was physically impossible for this accident to have happened in the manner asserted by the plaintiff; and that the driver of its truck was guilty of contributory negligence.

The facts surrounding the accident, construed in accordance with plaintiff's claim and in the manner most favorable to him, are as follows: Plaintiff's driver stopped the truck approximately four feet south of the siding. The nearest of defendant's seven loaded cars with a locomotive attached was standing 25 or 30 feet east of the truck. Plaintiff's driver started to cross this siding, and while the truck was moving at most not to exceed eight or ten feet the defendant's cars were started from a standing position and moved 25 or 30 feet to the point of collision. That the accident happened in this way

is not only incredible but obviously impossible. We are forced to accept the only other alternative, namely, that defendant's freight cars did not stop as they approached the point of collision. The accident happened in daylight hours, the driveway was paved, and there is no testimony that plaintiff's truck was stalled before the accident. The driver had an open view to the east, the direction from which the cars were approaching. His failure to see them, or if he saw them, his attempt to cross in front of them, was contributory negligence. The disposition to be made of cases of this character is controlled by *West* v. *Railroad,* 229 Mich. 590; *Brady* v. *Railway Co.,* 248 Mich. 406, and other like decisions. We are satisfied that the circuit judge was right in his conclusion that plaintiff's theory and testimony as to the manner in which this accident happened was physically impossible.

We have given consideration to plaintiff's claim of right to recover on the theory of subsequent or discovered negligence, but we are convinced that this theory is not tenable under the facts of this case. The only conclusion to be drawn from this record is that the collision occurred instantly after the peril of the situation was discovered. The judgment of the lower court is affirmed, with costs to the appellee.

Wiest, C. J., and Clark, Potter, Sharpe, and Fead, JJ., concurred. Butzel and McDonald, JJ., did not sit.