TOMCZYK *v.* DETROIT, GRAND HAVEN & MILWAUKEE
RAILWAY.

1. DEATH — PRESUMPTION OF DECEDENT MOTORIST'S DUE CARE —
RAILROAD CROSSING.
    *Prima facie* presumption that decedent motorist, whose car was
    struck on highway crossing railroad by engine of a passenger
    train, was exercising due care is not applied where known facts
    prevent it as where decedent had unobstructed view of approach
    of train for upward of a mile.

2. RAILROADS — NEGLIGENCE — PROXIMATE CAUSE — CONTRIBUTORY
NEGLIGENCE.
    That train was being operated at speed in violation of city
    ordinance does not fasten liability upon defendant where
    decedent motorist's want of care was proximate cause of
    accident.

3. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.
    Testimony of engineer that whistle was sounded and bell was
    ringing upon approach to railroad crossing *held,* not inadmis-
    sible where it is not affirmatively established that deceased
    did know of such facts (3 Comp. Laws 1929, § 14219).

4. MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE—SUBSEQUENT NEG-
LIGENCE.
    Decedent motorist was guilty of contributory negligence as a
    matter of law where, having ample opportunity to see approach-
    ing passenger train and stop in a place of safety, he got upon
    tracks and received injuries resulting in death; and such
    facts negative issue of subsequent negligence.

Appeal from Wayne; Webster (Clyde I.), J.
Submitted April 17, 1934. (Docket No. 118, Calen-
dar No. 36,938.) Decided June 4, 1934.

Case by Stella Tomczyk, administratrix of the
estate of Anthony Tomczyk, deceased, against De-
troit, Grand Haven & Milwaukee Railway for the
alleged negligent killing of plaintiff's decedent at

a railroad crossing. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Harry J. Lippman,* for plaintiff.

*H. V. Spike,* for defendant.

Wiest, J. The afternoon of May 20, 1926, plaintiff's decedent drove an automobile upon the track of defendant's railroad at the crossing of the Seven Mile road in the city of Detroit, and was struck by the engine of a passenger train and received injuries causing his death. This suit was brought to recover damages and resulted in a directed verdict for defendant.

Plaintiff's decedent drove east on the Seven Mile road and approached the railroad crossing where there were four tracks crossing the street. A train was going north on the third track from the point of his approach, and that track was 40 feet from the westerly line of the railroad right of way. At that crossing the driver of an automobile, at any point within such 40 feet, had an unobstructed view of the railroad tracks and of the approaching train for upward of a mile. No eyewitness testified to the approach of the automobile to the tracks and the rule of presumptive care on the part of the driver is invoked in behalf of plaintiff. The known facts prevent application of the *prima facie* presumption accorded by the no eyewitness rule. See *Rushford-Surine* v. *Railway Co.,* 239 Mich. 19.

Whether the train was being operated at a speed in violation of the city ordinance does not fasten liability upon defendant for plaintiff's decedent's want of care was the proximate cause of the accident.

Objection was made to the testimony of the engineer that the whistle was sounded and the bell

was ringing upon approach to the crossing, and exclusion was urged under the rule that it was equally within the knowledge of the deceased (3 Comp. Laws 1929, § 14219). The case of *Noonan* v. *Volek*, 246 Mich. 377, settles the point against the contention.

Plaintiff also relies upon the question of subsequent negligence. The facts negative such an issue. Plaintiff's decedent had ample opportunity to see the approaching train and to stop in a place of safety and, whether he saw the train or not, he was guilty of contributory negligence as a matter of law. See, *Downey* v. *Railway Co.*, 230 Mich. 243; *Brady* v. *Railway Co.*, 248 Mich. 406; *Richman* v. *Railway Co.*, 254 Mich. 607.

Judgment is affirmed, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.