DZIKOWSKI *v.* MICHIGAN CENTRAL RAILROAD.

1. TRIAL—PHYSICAL FACTS—DIRECTED VERDICT.

A judge may set aside a verdict for plaintiff and order one for defendant in an action for personal injuries arising from an accident where the physical facts are such that it is impossible for the accident to have happened in the manner claimed.

2. APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

On appeal from judgment for defendant notwithstanding verdict for plaintiff, evidence is viewed in light most favorable to plaintiff.

3. RAILROADS—PHYSICAL FACTS—CURVATURE OF TRACK—DISTANCE BETWEEN CAR FROM WHICH PLAINTIFF FELL AND CABOOSE.

In action by boy, seven years old at time of accident, against railroad for injuries sustained when he fell off ladder of coal car four or five cars away from caboose on rear end of which defendant's brakeman is alleged to have stood, ordered plaintiff to get off and to have made a motion as if throwing something, judgment for defendant *non obstante veredicto* for plaintiff *held,* justified where curvature of track and distance between coal car and caboose was such as to have made it impossible for plaintiff to have seen a person located on the rear end of the caboose.

4. JUDGMENT—NOTWITHSTANDING SPECIAL VERDICT—EVIDENCE.

A judge may, for proper reason, enter judgment *non obstante veredicto* after a special verdict, since the motion for judgment *non obstante veredicto* must be considered on the testimony prior to submission of cause to jury.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 6, 1937. (Docket No. 37, Calendar No. 38,921.) Decided December 14, 1937. Rehearing denied February 25, 1938.

Case by Milton Dzikowski, a minor, by his next friend, Sam Dzikowski, against Michigan Central Railroad and New York Central Railroad Company, corporations, for personal injuries sustained by falling from a railroad coal car. Verdict for plaintiff. Judgment for defendants *non obstante veredicto*. Plaintiff appeals. Affirmed.

*Frank Schwartz,* for plaintiff.

*William A. Alfs* and *Harold H. McLean (John J. Danhof,* of counsel), for defendants.

BUTZEL, J. Plaintiff, a minor, brought suit by next friend, claiming that he was hitching on the ladder of a coal car, part of a freight train, which was moving from one of defendants' lines near Sucher Bros. coal yard, in the city of Detroit; that an employee of defendant came out on the back platform of the caboose and called out to plaintiff, "Get to hell off there," or words to that effect, and made a motion as if he were going to throw something at him; that, as a result, plaintiff was frightened and fell off the train and against a switch in such a manner that the car ran over his leg so that it had to be amputated. At the time of the accident, plaintiff was seven years of age, the trial taking place about two years later.

The testimony shows that the lad was standing on the first or second rung of the ladder on the coal car, which was four or five cars away from the caboose at the rear end of the train, where the brakeman is alleged to have been standing. The sides of the platform on the rear of the caboose were no wider than the caboose itself, which was narrower than the other cars. Each car was about 42 feet in length.

The testimony of the boy himself on cross-examination was anything but impressive and convincing and it may be questioned whether it would not have justified a verdict in defendant's favor.  The cross-examination was interrupted by frequent objections on the part of plaintiff's counsel, particularly when the boy was giving damaging testimony.  His counsel also on redirect examination tried to have the boy reaffirm his testimony he gave on direct examination.  Questions and answers were properly excluded by the judge, who remarked that the cross-examination was fair and considerate.  Another lad also testified that he stood near the train and he largely corroborated plaintiff's testimony, though from the place he was standing, it seems incredible that he could have seen and heard what he testified to.  The judge so characterized the testimony.

The judge submitted four questions to the jury: Did the rear brakeman say to plaintiff, "Get to hell off there," or words to that effect, and at the same time wave his arm?  Did plaintiff see the rear brakeman make such threat and hear him say the quoted words?  If the answer to these questions were in the affirmative, did such threats cause plaintiff to fall from the train?  And what are plaintiff's damages?  The jury answered the questions in the affirmative and awarded plaintiff substantial damages.  The judge held that it was physically impossible for the accident to have occurred as claimed and that the testimony and verdict were contrary to the facts.  For these reasons, instead of granting a new trial, he rendered a judgment. *non obstante veredicto.*  In granting such motion, he stated as follows:

"There is no doubt whatever about the fact of the curve of the rails at the point where the injury oc-

curred. Whatever doubt there might have been under the testimony, was completely dispelled by evidence offered on behalf of the plaintiff, on rebuttal. It was then testified that attorneys for the plaintiff went to the scene of the accident with a 200-foot line and stretched that line on the inside of the northerly rail of the tracks, between points 200 feet distant. When so stretched it of course formed the chord of an arc, and it was testified that the distance from the chord to the circumference of the circle at the most distant point was between two and one-half and three feet. This conclusively establishes the curvature of the rails, and as a mathematical proposition, it may be demonstrated that a curve which will produce an arc of these dimensions, is approximately a four-degree curve. It is further demonstrated as a matter of mathematical science, that a tangent drawn to the circumference of a four-degree curve, and produced for a distance of 200 feet, at that point is a distance of 13 feet 9 inches away from the circumference of said circle. The human eye responds to impulses communicated to it by light. Light does not bend 13 feet 9 inches in the space of 200 feet. In ordinary language, people cannot see around corners or curves. Under the testimony, which is absolutely undisputed and indisputable, the brakeman, if he was where the plaintiff claims he was, was at least 12 feet inside the possible line of vision of the plaintiff boy. In order for the boy to see him, it would be necessary for him to have that extraordinary kind of vision which will look around a four-degree curve, and there is no evidence in this case that the boy possesses that kind of vision.''

The plaintiff on appeal raises but two questions: Did the judge err in setting aside the verdict after the jury determined the question of fact? And has the judge the right to enter judgment *non obstante veredicto* after submitting special questions which were determined in favor of plaintiff?

In answer to the first question, we have repeatedly held that where physical facts are such that it is impossible for the accident to have happened in the manner claimed, the judge may set aside the verdict and order one for the defendant. *Brady* v. *Railway Co.,* 248 Mich. 406; *John W. Ladd Co.* v. *Railroad Co.,* 249 Mich. 450.

Looking at the testimony in the light most favorable to plaintiff, as is our duty on appeal from a judgment for defendant notwithstanding verdict for plaintiff, the judge was correct in setting aside the verdict and entering one for defendant. The track on which the freight train was moving at the time of the accident ran along a four-degree curve near the coal yard of Sucher Bros. The side of the train on which plaintiff was hanging was on the outside of the curve. The distance between the ladder on the coal car, on which the boy was standing, and the rear platform of the caboose was between 175 and 320 feet. We shall consider it only as 175 feet or even slightly less. The testimony left no question but that it is physically impossible to see for such distance of 175 feet around the outside of a four-degree curve, and, therefore, with the train going around the curve, the boy could not have seen the brakeman as is claimed.

The judge may, for proper reason, enter judgment *non obstante veredicto* after a special verdict, since the motion for judgment *non obstante veredicto* must be considered on the testimony prior to the submission of the cause to the jury. See *Jacob* v. *Gratiot Central Market Co.,* 267 Mich. 262; *In re Cotcher's Estate,* 274 Mich. 154.

The judgment is affirmed, with costs to defendant.

Fead, C. J., and North, Wiest, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.