SONFILIAN *v.* WIEDMAN.

1. APPEAL AND ERROR—JUDGMENT NON OBSTANTE. VEREDICTO—EVI-
   DENCE.
   On appeal from judgment for defendant *non obstante veredicto* for plaintiff, Supreme Court views the evidence in a light most favorable to the plaintiff.

2. TRIAL—PHYSICAL FACTS—DIRECTED VERDICT.
   A judge may set aside a verdict for plaintiff and order one for defendant in an action for personal injuries arising from an accident where the physical facts are such that it is impossible for the accident to have happened in the manner claimed.

3. AUTOMOBILES—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE.
   One is not free from contributory negligence who observes an automobile coming on an intersecting street and then proceeds to cross without giving heed to the oncoming vehicle until the instant before or at the time of collision.

4. SAME—INTERSECTIONS—RIGHT OF WAY.

It is incumbent upon both drivers in approaching an intersection to use care commensurate with the obvious circumstances regardless of which had the favored road.

5. SAME—CONTRIBUTORY NEGLIGENCE AS A MATTER OF LAW—INTERSECTION—RIGHT OF WAY—SPEED.

Plaintiff motorist who approached and stopped before entering intersection with city street 35 feet wide and observed defendants' car at right some 600 feet away, put his car in low gear and when six feet into intersection saw defendants' car approaching at a high rate of speed some 300 feet away, and then proceeded in high gear on across the intersection *held*, guilty of contributory negligence as a matter of law since he must or should have known of the possible danger in passing in front of a rapidly moving vehicle.

Appeal from Washtenaw; Sample (George W.), J. Submitted October 13, 1939. (Docket No. 40, Calendar No. 40,721.) Decided December 20, 1939.

Case by Niculai Sonfilian against E. G. Wiedman, doing business as E. G. Wiedman Auto Company, and E. L. Squires for damages for personal injuries sustained in a collision of automobiles at an intersection. Verdict for plaintiff. Judgment for defendant *non. obstante veredicto*. Plaintiff appeals. Affirmed.

*Henry C. L. Forler,* for plaintiff.

*Burke & Burke,* for defendants.

SHARPE, J. This is an automobile accident case in which a judgment *non obstante veredicto* was entered in favor of the defendants. In such cases we must view the evidence in a light most favorable to appellant.

Guided by such a rule, we find that on the morning of August 24, 1937, plaintiff was driving to work in

an automobile. While traveling in an easterly direction on Coleman avenue, in the city of Melvindale, the rear end of plaintiff's car was struck by a car owned by defendant Wiedman and driven by defendant Squires going north on Wood avenue.

Wood and Coleman avenues are paved streets and Wood avenue is about 35 feet wide. As plaintiff approached Wood avenue and before entering the intersection, he slowed down and stopped, looked right and left for cars approaching on Wood avenue, and saw a car on Wood avenue about 600 feet from the intersection approaching north. Plaintiff then started in low gear and when about six feet into the intersection, he looked again and saw the car about 300 feet away and traveling at a speed of 55 or 60 miles per hour. He put his car in high gear and continued on through the intersection, but was struck by defendant's car when he had cleared the whole of the intersection excepting for about one foot of his car.

Plaintiff's car was damaged and plaintiff suffered severe personal injuries. He brought suit and the same was tried before a jury. At the close of plaintiff's case, defendants made a motion for a directed verdict on the ground that plaintiff was guilty of contributory negligence. The jury rendered a verdict for plaintiff, but at a later date, judgment *non obstante veredicto* was entered in favor of defendants. Plaintiff appeals and contends that the question of the contributory negligence of plaintiff was properly submitted to the jury; and that the court was in error in setting aside the verdict.

We realize that it is impossible to lay down precise rules by which we may measure all acts of contributory negligence, but we have set up some guide posts which are helpful in rendering decision in the present case.

In *Dzikowski* v. *Railroad*, 282 Mich. 337, we said:

"We have repeatedly held that where physical facts are such that it is impossible for the accident to have happened in the manner claimed, the judge may set aside the verdict and order one for the defendant."

In many cases we have held that one is not free from contributory negligence who observes an automobile coming on the intersecting street and then proceeds to cross without giving further heed to the oncoming vehicle until the instant before or at the time of collision, *Smith* v. *Ormiston*, 242 Mich. 600; *Koehler* v. *Thom*, 285 Mich. 593; and that it is incumbent upon both drivers in approaching an intersection to use care commensurate with the obvious circumstances regardless of which had the favored road. See *Benson* v. *Tucker*, 252 Mich. 385.

In the case at bar, plaintiff first saw defendant's car when it was approximately 600 feet away. Plaintiff continued on into the intersection and traveled a distance of about six feet into the intersection when he saw defendant approaching about 300 feet away and traveling at a high rate of speed. At this point, plaintiff had a distance of 30 to 45 feet to travel in order to reach a place of safety. At the rate of speed plaintiff had been traveling, he must have known or should have known the possible danger in attempting to pass in front of a rapidly moving vehicle. His failure to use the proper precautions under the circumstances makes him guilty of contributory negligence and precludes his recovery.

The judgment of the lower court is affirmed, with costs to defendants.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, NORTH and McALLISTER, JJ., concurred.