## BENAWAY v. PERE MARQUETTE RAILWAY COMPANY.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DE-
CEASED—RAILROAD CROSSING ACCIDENT—AUTOMOBILES.

In action by administrator of estate of motorist who was killed
in a collision with defendant's train at a grade crossing in
the country, defendant's engineer, an eyewitness, was properly
allowed to testify as to matters not affirmatively shown to
have been equally within the knowledge of plaintiff's deceased,
such as the fact that engineer saw deceased when his automo-
bile was about 150 feet from the crossing, that the engine
was moving about 35 miles an hour upgrade, that, when he
saw the car, his bell was ringing, his headlight was on, his
whistle blowing, and that he released his whistle cord, applied
his emergency brakes, and opened up the sanders to sand
the rails (3 Comp. Laws 1929, § 14219).

2. RAILROADS—HIGHWAY CROSSING FLASHER-LIGHT WARNINGS.

In determining railroad's liability for death of motorist, latter
had the right to place some reliance upon the protection af-
forded at a railroad crossing by the installation of flasher-
light signals with which he was familiar.

3. SAME—HIGHWAY-CROSSING AUTOMATIC SIGNAL.

While motorist approaching a railroad crossing at which he
knew an automatic signal was maintained was entitled to
place some reliance upon it, he was nevertheless bound to use
such care, in addition, as an ordinarily prudent person would
use under such circumstances.

4. SAME—AUTOMOBILES—MOTORIST'S DUTY.

A motorist approaching a railroad grade crossing has the duty
to look and listen for approaching trains.

5. SAME — AUTOMOBILES — CONTRIBUTORY NEGLIGENCE — SIGNALS —
SPEED—VISION.

Motorist who approached grade crossing at approximately twice
speed of freight train with which car collided at almost day-

* Continued from Vol. 295.

light was guilty of contributory negligence as a matter of law barring recovery where crossing was protected by old-style crossbuck warning sign and modern flasher-light signal, and motorist, who was familiar with crossing, had an unobstructed view of the approach of any train from a point 110 feet from the crossing and train came diagonally toward him.

6. SAME — AUTOMOBILES — SPEED — REFLECTORIZED RAILROAD DISC SIGN—CONTRIBUTORY NEGLIGENCE.

Under statute pursuant to which a reflectorized railroad disc sign had been installed and maintained by county road commission and which required person operating a motor vehicle to reduce speed to 10 miles an hour within 100 feet of nearest rail of crossing, motorist who drove upon crossing at speed greater than that was guilty of negligence *per se* (2 Comp. Laws 1929, §§ 11404, 11405, as amended by Act No. 336, Pub. Acts 1931).

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—REPEAL—REASONS FOR APPEAL.

Whether or not one statute has been impliedly repealed by another will not be considered where such question was not raised in the reasons for appeal or in the statement of the questions involved.

Appeal from Barry; McPeek (Russell R.), J. Submitted October 10, 1940. (Docket No. 30, Calendar No. 40,942.) Decided January 6, 1941.

Case by Burdette Benaway, administrator of the estate of Herbert G. Benaway, deceased, against Pere Marquette Railway Company for personal injuries, causing death, sustained in a collision between defendant's train and decedent's automobile. Verdict for plaintiff. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Affirmed.

*Kim Sigler,* for plaintiff.

*John C. Shields* and *William R. Althans (Oscar E. Waer,* of counsel), for defendant.

BOYLES, J.   Plaintiff's decedent, an undertaker, left Middleville, Barry county, about 5 o'clock on the morning of July 27, 1937, driving north on county highway No. 611.   At the Whitneyville crossing, 11 miles from Middleville, this highway runs north and south and intersects the track of the defendant which crosses the highway in a northwesterly and southeasterly direction.   As he approached the crossing, a freight train was moving southeasterly toward the crossing.   At 5:12 a.m., the automobile of plaintiff's decedent and the engine of defendant's train met at the crossing and plaintiff's decedent was killed. Plaintiff bases his claim for damages upon defendant's alleged negligence in that the flasher-light signals which had been installed at the crossing were not working, and in neglecting properly to inspect and maintain the flasher-light signals in working condition.   Defendant claims (1) that the flasher-light signals were working at the time of the accident, properly inspected and maintained; and (2) that plaintiff's decedent was guilty of contributory negligence.   By appropriate motions, defendant moved for a directed verdict at the conclusion of plaintiff's proofs and at the conclusion of all the testimony.   The case was submitted to the jury which found a verdict of $8,000 for plaintiff.   Defendant moved for judgment *non obstante veredicto,* which the court granted on the ground that plaintiff's decedent was guilty of contributory negligence as a matter of law.

Conceding, for the moment, that it was a question of fact properly submitted to the jury as to defendant's negligence in failing to inspect and properly maintain the flasher-light signals and have them in operation, was the plaintiff's decedent guilty of contributory negligence as a matter of law?

At the time the accident happened it was practically daylight.   The deceased was familiar with

the crossing and had traveled over it many times. It was a 16-foot paved highway. About 400 feet south of the crossing was a low place in which foggy atmospheric conditions prevailed. This condition, however, did not prevail at the crossing or at its immediate approach from the highway. About 300 feet south of the crossing at the right side of the highway was the regular reflectorized disc railroad-highway crossing sign. From about that point the highway sloped upward appreciably to the crossing. The crossing itself was at a high point in both the highway and the track. In addition to the highway sign, the crossing was further indicated by the old-style crossbuck warning signs which had not been removed, and also by the more modern flasher-light signals.

On behalf of the defendant, certain facts were not disputed. Defendant's track northwesterly from the crossing was straight for 602 feet and anyone standing at the crossing could see up the track northwesterly over 1,200 feet. At a point 19 feet south of the south rail, looking northwest, the view up the track is clear for at least 1,200 feet. One standing at a point in the highway 37 to 40 feet south of the crossing has a clear view of any approaching train for about 1,000 feet northwest of the crossing. From numerous photographic exhibits showing the physical condition of the highway and railroad at the time of the accident, it is apparent that the driver of an automobile at a point 110 feet south of the railroad track could see a distance of six railroad cars on the track northwest from the highway, or a distance of at least 250 feet. This view from the highway was practically unobstructed. The proof is not convincing that any brush or other obstruction would interfere with a view of an approaching train at that distance.

Plaintiff claims there was no eyewitness to the accident, therefore, the law presumes the exercise of due care on the part of plaintiff's decedent (*Petersen* v. *Lundin*, 236 Mich. 590). Plaintiff claims that defendant's engineer could not testify, his knowledge of the facts being equally within the knowledge of the deceased.* However, defendant's engineer was an eyewitness and an observer of the deceased's automobile as it approached the crossing and was properly allowed to testify to certain facts which were not affirmatively shown to be equally within the knowledge of the deceased (*Noonan* v. *Volek*, 246 Mich. 377; *Tomczyk* v. *Railway*, 267 Mich. 474). The engineer testified that he first saw deceased's automobile when it was about 150 feet from the crossing; that his engine was moving 35 miles an hour upgrade; that, when he saw the automobile, his bell was ringing, his headlight was on, and his whistle blowing; that he released the whistle cord, applied his emergency brakes, and opened up sanders to sand the rails. On cross-examination, he persistently refused to admit that he did not see the automobile until the instant of impact, and we are not impressed with the importance of the finger-snapping episode between witness and plaintiff's counsel to show that the engineer's observance of the automobile and the accident itself were almost simultaneous (see *Petersen* v. *Lundin, supra*).

At a distance of 110 feet from the track, the automobile apparently was approaching the track at a rate of speed approximating twice that of the train.

There is no question but that the deceased had the right to place some reliance upon the protection afforded at the crossing by the installation of flasher-light signals with which he was familiar. *Motyka* v.

* See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).—RE-PORTER.

*Railway Co.*, 256 Mich. 417. However, while one approaching a railroad crossing at which he knows an automatic signal is maintained is entitled to place some reliance upon it, he is nevertheless bound to use such care, in addition, as an ordinarily prudent person would use under such circumstances. *Mc-Peake* v. *Railway Co.*, 242 Mich. 676. Plaintiff's decedent approached the railroad at a crossing well known to him. He had an unobstructed view of the approach of any train from a point 110 feet from the crossing. The train was coming diagonally toward him. It was not dark, and the atmospheric conditions were clear. Even assuming there was fog at the crossing, it would then have been the duty of plaintiff's decedent to exercise a greater degree of care in approaching the crossing. It is quite obvious that if plaintiff's decedent had looked and listened, he would have seen the approaching train, heard the whistle blowing, the bell ringing, or seen the headlight of the engine, in ample time to stop. His duty in that regard is clearly defined by this court in *Lockett* v. *Railroad Co.*, 272 Mich. 219. The physical aspects of the situation are graphically disclosed by numerous photographs of the scene taken by both parties and which are conceded in plaintiff's testimony fairly to represent conditions as they existed at the time of the accident. See *Rushford-Surine* v. *Railway Co.*, 239 Mich. 19; *Downey* v. *Railway Co.*, 230 Mich. 243.

It is undisputed that on the day of the accident, at a point about 300 feet south of the crossing, and on the right-hand side of the highway, there was a reflectorized railroad disc sign installed and maintained by the county road commission. 2 Comp. Laws 1929, § 11404, as amended by Act No. 336, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 11404, Stat. Ann. § 22.763). The statute, 2 Comp. Laws 1929,

§ 11405 (Stat. Ann. § 22.764), requires a person controlling a motor vehicle on the highway, upon passing such a sign and going toward a railroad crossing, to reduce speed so that the vehicle shall not be proceeding faster than 10 miles an hour within 100 feet of the nearest rail of the crossing. A driver of an automobile who drives upon a railroad crossing at a speed in excess of that allowed by this section is guilty of negligence *per se. Caswell* v. *Railroad Co.,* 263 Mich. 18. Counsel engage in considerable argument whether 2 Comp. Laws 1929, § 11405 (Stat. Ann. § 22.764), has been impliedly repealed by the uniform motor vehicle law (Act No. 318, Pub. Acts 1927 [1 Comp. Laws 1929, § 4693 *et seq.* (Stat. Ann. § 9.1561 *et seq.*)]). This question was not raised in the reasons for appeal or in the statement of the questions involved. Our decision need not be based on the statute.

Plaintiff's decedent was guilty of contributory negligence as a matter of law. It is unnecessary to consider the negligence of the defendant.

Judgment affirmed, with costs.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.