MASKART v. DELTA COUNTY ROAD COMMISSIONERS.

1. APPEAL AND ERROR—MOTION FOR JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

Evidence must be viewed in the light most favorable to plaintiff in passing upon whether a defendant's motion for judgment *non obstante veredicto* should have been granted or denied.

2. AUTOMOBILES—INTERSECTIONS—CONTRIBUTORY NEGLIGENCE—SPEED —QUESTION FOR JURY.

A question of fact as to the speed of defendant's truck at intersection where collision took place was presented by direct testimony on the subject by its driver and other testimony of plaintiff which inferentially disputed and refuted testimony of defendant's driver, hence, where question of plaintiff's contributory negligence depended upon speed of defendant's truck, the question was properly left for determination by jury.

3. SAME—SPEED—EVIDENCE—ADMISSION.

The fact that testimony of defendant's truck driver as to his speed at time accident occurred was not met by direct testimony to the contrary did not constitute an admission by plaintiff that defendant's version was the true one, where plaintiff had previously presented a different account inferentially disputing it, nor did it convert facts as testified to by such driver into incontrovertible physical facts.

Appeal from Delta; Jackson (Glenn W.), J. Submitted January 11, 1955. (Docket No. 72, Calendar No. 45,480.) Decided March 9, 1955.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur, Judgments § 52 *et seq.*
[2] 5 Am Jur, Automobiles § 668.

Case by Alphonse Maskart against Board of County Road Commissioners of the County of Delta, a municipal corporation, for damages from injuries resulting from collision of trucks. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Clair J. Hoehn,* for plaintiff.

*McGinn & Fitzharris,* for defendant.

DETHMERS, J. Plaintiff's truck and defendant's, travelling at right angles, collided in an intersection. From judgment for plaintiff for resultant damages and an order denying judgment *non obstante veredicto* defendant appeals. The only question presented is whether plaintiff should be held guilty of contributory negligence as a matter of law, entitling defendant to reversal without new trial. Contending in the affirmative, defendant recognizes the general rule applicable, that the evidence must be viewed in the light most favorable to plaintiff (*Sonfilian* v. *Wiedman,* 291 Mich 697), but urges that here the physical facts were such that it would have been impossible for the accident to have happened in the manner claimed by plaintiff, that they refuted the testimony and inferences therefrom favorable to plaintiff, and that, in consequence, the verdict should be set aside, citing *Brady* v. *Pere Marquette R. Co.,* 248 Mich 406; *Ladd Co.* v. *New York Central R. Co.,* 249 Mich 450; *Dzikowski* v. *Michigan Central R. R.,* 282 Mich 337; *Brenner* v. *Dykstra,* 289 Mich 301; and *Sonfilian* v. *Wiedman, supra.* In each of those cases the plaintiff therein had admitted or asserted, at trial, the truth of the so-called physical facts which were held to render his version of the accident impossible.

Essential to defendant's theory is its claim that under the undisputed facts and circumstances it

would have been physically impossible for its truck to have been travelling more than 3 miles per hour while approaching and passing through the intersection, contrary to plaintiff's testimony that it then was going 25 miles per hour. Effect of acceptance of defendant's, rather than plaintiff's, version of such speed would be to increase the period of time prior to the collision during which defendant's truck was visible to plaintiff and thus increasing the time and distance during which plaintiff might have observed defendant's truck and brought his own to a stop and averted the accident, so that his failure to do so during such increased period constituted, so defendant reasons, contributory negligence as a matter of law.

The difficulty with defendant's position is that what it styles the undisputed physical facts were not, as in the cited cases, admitted to have been such by plaintiff on trial. They consist of what defendant refers to as the uncontradicted testimony of its driver, essentially as follows: That defendant's truck with attached vehicle totaled 35 feet in length and weighed 13 to 15 tons; that it had stopped for and then made a right turn at a previous intersection 1 block distant and then proceeded that last block on an upgrade; that it would take 4 or 5 city blocks for defendant's truck to attain a speed of 25 miles per hour from a standing start; that he had intended to bring defendant's vehicle to a stop as soon as it had cleared the intersection. It is from this that defendant concludes that it would have been physically impossible for its truck to have been going more than 3 miles per hour. From the mere fact that defendant's driver's testimony, just outlined, was not met by direct testimony to the contrary, it does not follow that plaintiff has, as in the cited cases, admitted or that defendant has established as true what defendant's driver testified were

the facts in those respects, thus converting them into incontrovertible physical facts. On the contrary, his testimony was inferentially disputed and refuted by plaintiff's testimony as to the speed of defendant's truck. Accordingly, in resolving the question of that speed, plaintiff is entitled to have the evidence viewed in the light most favorable to him. So viewed, it must be accepted as fact that the speed was 25 miles per hour.

Affirmed, with costs to plaintiff.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.